No. 2,443.

BERNARDO MAUMUS, APPELLANT, v. JAS. D. CHAMPION, RESPONDENT.

ACTION FOR DAMAGES.—NEGLIGENCE OF PLAINTIFF.—Where the negligence of the plaintiff has contributed proximately to the injury complained of, the defendant cannot be held liable, unless the injury is the result of a wanton or willful act on his part.

APPEAL from the District Court of the Seventeenth District, Los Angeles County.

Judgment was for defendant. Plaintiff moved for a new trial, which was refused; and from the judgment and order denying a new trial, plaintiff has appealed.

The other facts are stated in the opinion.

V. E. Howard & Son and Y. Sepulveda, for Appellant.

First. Where an act not willful, but the result of negligence, is the immediate and direct cause of an injury, an action of trespass, vi et armis, will lie. (18 Johnson's Rep. p. 256. 19 Id. p..381. Leame v. Bray, 2 East. Rep. p. 595.)

Trespass *qu. claus.* will lie without an actual entry on the land. (Hill on Torts, vol. 2, p. 74.)

*Second.* A party is liable for damages caused by his lack of the care and skill ordinarily exercised in like cases. (Hill on Torts, vol. 1, p. 97.)

In order to avoid doing a damage to the property of another, he must use such care as a prudent man would employ under similar circumstances if he were himself the owner of the property exposed to damage. *(Campbell* v. *Water Co.,* 35 Cal. 697.)

*Third.* The rule releasing the defendant from responsibility for damages in cases where the plaintiff, by his own negligence or wrong, contributed to the result, is confined to cases where the act of the plaintiff, is the proximate cause of the injury. Proximate cause means negligence at the time the injury happened. *(Needham* v. *S. F. & S. J. R. R. Co.,* 37 Cal. p. 409.)

*A. Brunson,* for Respondent.

*First*—Negligence is the omission to do something which a reasonable man guided by the considerations which ordinarily regulate the conduct of human affairs would do, or doing something which a prudent and reasonable man would not do. *(Richardson* v. *Keir,* 34 Cal., 63.)

The law only holds a man responsible for the ordinary prudent use of his own property—such use as men of common sense and prudence take of their own property when a failure to take it exposes them to a loss of it. *(Wolf* v. *St. Louis I. W. Co.,* 10 Cal. 544. *Hoffman* v. *Tuolumne Water Co.,* 10 Cal. 413.)

If the ditch was owned and constructed and controlled by the defendant, he would then be liable only for gross negligence, or wanton injury, but not for a mere accidental injury where no negligence is shown. *(Tenney* v. *The Miners' Ditch Co.,* 7 Cal. 335.)

The mere fact of an injury having been suffered, is not enough to establish a charge of negligence. No one is responsible for an injury caused by accident, while he is

engaged in a lawful business, even though the injury was the direct consequence of his own act, and the injured party was at the time lawfully employed and in all respects free from fault. (Sherman and Redfield on Negligence, Sec. 5.)

*A fortiori,* he would not be responsible when the injured party was negligent or at fault.

The burden of proof in an action for negligence always rests upon the party charging it. It is not enough for the plaintiff to prove that he has suffered loss by the act or omission of the defendant. He must also prove that the defendant in such act or omission violated a duty resting upon him. (Sherman and Redfield on Negligence, Sec. 12.)

If a party in the exercise of a legal right, does an injury to another's property, he is not liable for damages unless they were caused by his want of the care and skill ordinarily exercised in like cases. (1 Hillard on Torts, 67.)

*Second*—Plaintiff directly contributed to the injury complained of, and the rule of law is that he alone must bear it. It is not essential to this defense that the plaintiff should in any degree have been the cause of the act by which he was injured. *(Colgrove* v. *New Haven R. R. Co.,* 20 N. Y. 492.)

It is enough to defeat him if the injury might have been avoided by his exercise of ordinary care. The question to be determined in every case is not whether the plaintiffs' negligence caused, but whether it contributed to, the injury of which he complains. *(Brand* v. *Schenectady etc. R. R. Co.,* 8 Barb. 368; *Needham* v. *S. F. & S. J. R. R. Co.,* 37 Cal. 409.) In cases of mutual neglect, where it is of the same character and degree, no action can be sustained. *(Trow* v. *Vermont Central R. R. Co.,* 24 Vt. 487, 496.) So the plaintiff equally in fault with the defendant cannot recover. *(Aurora R. R. Co.* v. *Grimes,* 13 Ill. 585.)

*Third*—Appellant says: "trespass *qu. claus.* will lie without an actual entry on the land." If it lies in this case, it will carry the rule one step beyond that, and lie without *constructive* entry.

TEMPLE, J., delivered the opinion of the Court:

The complaint in this action is in the form of trespass, to recover damages for the negligent use of water in the irrigation of defendant's premises, by reason whereof water overflowed the lands of plaintiff, and greatly damaged him.

The statement of the evidence is not very clear to one not already familiar with the situation of the premises, and we are not perfectly sure that we correctly apprehend the facts of the case. It appears that the plaintiff and defendant own adjoining places in Los Angeles, and were in the habit of irrigating their lots from the zanja or public water works of the city. That a small flume led from the zanja, partly over the lands of plaintiff, to the premises of the defendant, and was used by both parties for purposes of irrigation. That the plaintiff had cut a notch in the side of the flume, from which he was in the habit of taking out water, closing up this gate or notch when he was through with the water. On the occasion of the injury complained of, this notch or gate had been left open by plaintiff, contrary to his usual custom.

The defendant, having occasion to use the water, purchased the right from the zanjero, or person in charge, and let the water from the zanja into this small flume and upon his own premises. He did not observe that the flume was open at this notch so as to let the water upon the premises of plaintiff, and he did not look to see whether it was open or not. He let the water in about 12 o'clock M. and did not observe water upon the plaintiffs' premises till some time after the middle of the afternoon, and then did not know where it came from. It was also proven that the plaintiff was in the habit of opening this notch while the defendant was using the water, and helping himself to what water he desired. There was some evidence tending to show that water was backed up and made to overflow the top of this flume in consequence of the defendant's having closed a gate in the flume on his premises, but this only raised a conflict in the evidence.

From this statement it appears that the negligence of the plaintiff in leaving the notch upon his premises open, contributed proximately to the injury complained of. The defendant could not, under the circumstances, be held liable, unless the injury was the result of a wanton or willful act on his part. The evidence does not clearly show that he knew that he was causing an injury to the plaintiff, and we cannot, therefore, disturb the judgment rendered in his favor.

Judgment and order affirmed.