[No. 7,435—Department One.]

# HENRY TENNENBROCK *v.* SOUTH PACIFIC COAST RAILROAD COMPANY.

Negligence—Right of Railroad Company to its Track—Duty of Engineer.—In an action for damages for personal injuries alleged to have been caused by the negligence of the officers of the defendant, in the management of its engine and train, it appeared from the evidence of the plaintiff that he was injured upon the roadway of the defendant while going afoot over a trestle spanning a ravine, over which the road passed.

*Held:* The plaintiff was guilty of contributory negligence, which contributed proximately to the injuries he received, and a nonsuit was rightly granted.

APPEAL from a judgment for the defendant in the Superior Court of Santa Clara County. BELDEN, J.

After the decision the appellant applied for a rehearing in Bank, and the application was denied.

*S. F. Lieb* and *J. E. Richards,* for Appellant.

*Moore, Laine & Johnston* and *McKisick & Rankin,* for Respondent.

McKEE, J.:

Appeal from a judgment of nonsuit in an action to recover damages for personal injuries caused, as alleged, by the negligent and careless management of an engine and train of cars by officers of the respondent.

The evidence upon which the appellant, and plaintiff in the action, rested his right to recover, showed that, about November 26th, 1879, the respondent had constructed its roadway from the Santa Clara Valley up a rough canyon in the Santa Cruz range of mountains, winding around the curves of the mountain to the mouth of a tunnel under the crest of the mountain, at a few feet from which the company had established a station known as Wright's Station. About a mile from this station, coming down to the Santa Clara Valley, part of the roadway was a trestle, two hundred and seventy-seven feet long and thirty-five feet high, spanning a ravine near the end of a curve of the mountain. As the

tunnel under the crest of the mountain was unfinished, trains were run over the road only as far as Wright's Station.

A day or two before the accident to the appellant, an explosion had taken place in the tunnel which killed many of the men at work in it, and destroyed property in and about it; and a day or two after the explosion the appellant and a companion, both of whom lived near the line of the railroad, started up the canyon to go to "Wright's" for the purpose of seeing the effects of the explosion. They traveled afoot, all the way up, over the roadway of the respondent; and as they met with no trains on the way they arrived safely at "Wright's." After satisfying their curiosity they started from "Wright's" between three and four o'clock in the afternoon of the same day, to return home by the same way they came—traveling afoot down the mountain over the railroad. Before starting they saw three or four cars and an engine at "Wright's." But, thinking that no more trains were to be run over the road that day, they asked no questions of any one on the subject. On their way down they got about half way over the trestle when they heard the sound of a train coming from "Wright's;" and on looking back they saw the train rounding the curve on the trestle, without sounding a whistle. At first they attempted to run to the end of the trestle, but, finding they could not escape in that way, they left the track clear for the train, by swinging themselves over the guard rails of the trestle, and in this pendent position over the ravine, they maintained themselves until the train passed. It passed without injuring them, and the appellant's companion pulled himself up on to the trestle and went to the assistance of the appellant, but he, although aided by his companion, was unable to get up, and he fell over the rocks below in the ravine, receiving from the fall serious personal injuries. And it is contented in his behalf that, because the officers of the respondent started the train from Wright's Station and it ran down the grade on to the trestle, without sounding a whistle, they were guilty of negligence, which caused the injuries to the appellant.

But there was no duty imposed upon the engineer of the train to sound a whistle in the lawful use of the roadway, except in approaching crossings on the road, or other places of public

passage, or in coming to stations or into towns or cities. The paramount duty of a railroad company is the safe carriage of passengers; and in the discharge of that duty the law imposes upon them the utmost care and diligence in keeping their track clear. Hence, for the free use of their passenger and other trains, they are entitled to the possession of their roadway. The traveling public has no right to the possession of it, or to the use of it, except at crossings or other places of public passage. Traveling on the railroad, afoot or on horseback, away from crossings, is, therefore, unlawful; and persons thus using a railroad are trespassers, to whom the railroad company stand in no special relation, and owe no particular duty, except such as may arise from circumstances in which persons on the roadway are injured by passing trains. But the officers of the company, having the right to a free track for their trains as against all trespassers, had the right to presume that the track was clear, and that there were no trespassers upon it. In acting upon that presumption they were not in fault in running their train at its customary speed without sounding a whistle. The omission of the engineer of the train to sound a whistle under such circumstances was, therefore, not negligence. The negligence was in those who were traveling upon the road. By using the roadway for that purpose the appellant voluntarily put himself in a position of imminent danger to his person from trains, which officers of the company might be running over the road in the ordinary pursuit of the company's legalized business, and brought upon himself the necessity of resorting to means of escape from it, which were the proximate cause of the accident which happened to him and of the injuries which he received. As his own negligence, therefore, contributed proximately to the injuries of which he complains, the respondent can not be held liable, unless the injuries resulted from a wanton and willful act on the part of the officers of the train, while engaged in the reasonable discharge of their duties. (*Maumus* v. *Champion*, 40 Cal. 121.)

Of course the mere fact that persons are wrongfully traveling on a railroad, afoot or on horseback, does not authorize officers of the company in charge of a train to run down such persons or to wantonly inflict injuries upon them. If persons

in that position are seen in time to avoid danger, by warning them off by proper signals, such as ringing a bell, or sounding a whistle, or slowing down, or stopping their train, it is the duty of the officers to resort to such means to prevent injury to the life or limb even of wrong-doers. The duty arises out of the circumstances of the situation, and it is as imperative upon them as any other duty. But if persons in that situation are unseen by the officers in charge of a train until too late, in the exercise of ordinary care and diligence, appropriate to the duties which they have to perform for their employers, to prevent injuries to others, or to resort to any means in their power for that purpose, the company are not liable.

There is no evidence tending to prove that the officers of the train were guilty of any wanton or willful act towards the appellant. Under the circumstances in which both parties were placed, neither could see the other until the train came around the corner on to the trestle-work unexpectedly almost upon the appellant. The appellant knew of the train on the track, for he had seen it at Wright's Station before he started down the grade; but the officers of the train, according to the evidence, did not know and had no right to presume, the presence of the appellant on the trestle; and the evidence does not tend to prove that they saw him in time to stop the train by reversing their engine before coming upon him. The entire circumstances of the situation, as proved by the appellant, rebut the presumption that the injuries resulted from any neglect of duty on the part of the respondent; and they establish the fact that the negligence of the appellant contributed to the accident in which he sustained his injuries.

The judgment of nonsuit was therefore correct, and it is affirmed.

McKINSTRY, J., and ROSS, J., concurred in the judgment on the ground that the plaintiff was guilty of contributory negligence.