[No. 9522. Department Two.—August 21, 1885.]
IN THE MATTER OF THE ESTATE OF C. C. LUTHER, DECEASED.

67a 319
106   430

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—WHEN PROPERLY REFUSED.
—An order refusing a family allowance to the widow and children of a decedent to whom a homestead consisting of farming land, and also some personal property, had already been set apart, will not be reversed where the petition for such allowance contains no statement that the proceeds of the farm are insufficient.

APPEAL from an order of the Superior Court of the county of Stanislaus.

The facts are stated in the opinion.

*Schell & Bond*, for Appellant.

*E. T. Stone*, and *L. J. Maddux*, for Respondent.

---

67b 319
120  577

[No. 9803. Department One.—August 22, 1885.]
ANNA ELIZA DUFOUR, RESPONDENT, v. CENTRAL PACIFIC RAILROAD COMPANY, APPELLANT.

CONTRIBUTORY NEGLIGENCE.—To authorize a recovery for an injury occasioned by the negligence of another, the party injured must have exercised such reasonable care to avoid the injury as a prudent person would have exercised under like circumstances.
ID.—On a review of the evidence, *held*, that the court could not say as a matter of law that there was any contributory negligence in this case.

INSTRUCTIONS. — A refusal to give instructions which have already been given in substance is not error.

ID. — SURROUNDING CIRCUMSTANCES. — An instruction that the jury in case they find for the plaintiff, " must take into consideration all the circumstances surrounding the case," cannot be construed as authorizing them to consider facts not embraced in the pleadings or evidence.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*S. C. Denson,* for Appellant.

The decedent was guilty of contributory negligence. (*Fleming* v. *W. P. R. R. Co.* 49 Cal. 253; *Deville* v. *S. P. R. R. Co.* 50 Cal. 385.)

*N. Greene Curtis, F. H. Moore,* and *S. Solon Hall,* for Respondent.

Contributory negligence is a mixed question of law and fact. (*Fernandes* v. *Sac. City Railway Co.* 52 Cal. 45; *Andrews* v. *Runyon,* 65 Cal. 629; *Hynes* v. *S. F. & N. P. R. R. Co.* 65 Cal. 316; *Clayards* v. *Dethick,* 12 A. B. 439; *Ireland* v. *O. H. & S. Plank Road Co.* 3 Kerr, 533; *Kellogg* v. *N. Y. Central R. R. Co.* 24 How. Pr. 177; *Gaynor* v. *O. C. & N. R. Co.* 100 Mass. 21.)

SEARLS, C. — Action by plaintiff as the administratrix of her husband's estate to recover damages from defendant, a corporation, for the death of her husband through the alleged negligence of its employees. Verdict for plaintiff. Defendant appeals from final judgment and from an order denying a motion for a new trial.

Plaintiff's decedent was employed by the Friend and Terry Lumber Company to load lumber upon a car placed by defendant on a side track to receive its load. Decedent and another person were on this car loading lumber.

Before the accident happened all the load of lumber had been placed on the car, but it had not been leveled off and secured in place so as to be fit for shipment.

Decedent and his assistant were standing on the projecting ends of the longer timbers at opposite ends of the car leveling off the

load and preparing to fasten the same in place, when the defendant's employees, without giving any notice, ran up with a locomotive engine, coupled on to the train in which the lumber car was standing, and commenced moving in a southerly direction, and had moved several hundred feet and acquired a speed of five or six miles an hour when two heavy jerks of the cars occurred, the latter of which threw decedent from the ends of the lumber upon which he was standing between the cars where he was killed. The time consumed in passing from the starting point to where the accident occurred was from a minute to a minute and a half.

The defense of contributory negligence is set up, and appellant makes the point that the evidence was insufficient to justify the verdict.

The position taken is that conceding the negligence of defendant's servants in starting the train without notice whilst decedent was at work on the lumber, still the evidence shows that no injury was done him by this negligent start; that the shocks which afterward occurred, and by which he was thrown from the train were such as might reasonably be expected in a moving freight train, and that decedent ought to, and could by the exercise of common prudence have reached a safe position on the car.   John J. Dufour, a brother of decedent, who was working with him on the car, and who was the principal witness for plaintiff, after describing the manner in which they were engaged says : "There were about seven thousand or eight thousand feet of lumber on the car, which made the top of the lumber about six feet from the platform of the car and about ten feet from the ground.   My brother was standing on the north end of the car, and I on the south end.   We were standing on the ends of the lumber that projected at such a height that the top of the lumber was about even with our hips.

"While we were standing in that manner smoothing the lumber preparatory for the cleats, the switch engine hooked on without any notice to us and started out with us.   That is the first knowledge I had that they would take us away at all.   Then we stopped our work and held on to the ends of the lumber with our hands to keep from falling off.   There was a slight shock when they hooked on and started.   That was the first intimation we had that they were moving or were going to move.   Then

we went on down to the foot of N Street, and just as we crossed the street there were two heavy jerks. The first threw me backward and I caught the end of a scantling (the lumber was made up of everything, long stuff and some short stuff). Then immediately there was another shock which threw my brother off down between the cars." Again he says: "When the engine hooked on and started down we had no chance to get off. We could not get off without climbing on top."

The general rule is that to authorize a recovery for damages occasioned by the negligence of another, the plaintiff must have exercised that reasonable degree of care to avoid the injury which an ordinarily prudent person would have exercised under like circumstances.

Another rule in actions of this character is that it is incumbent upon the plaintiff to make out a *prima facie* case in his favor, showing that the damages claimed by him resulted from the negligence of the defendant. And where it affirmatively appears from his own evidence that the want of due prudence on his part was the proximate cause of the injury complained of, he cannot recover.

The plaintiff's right to recover is not affected by his having contributed to his injury unless he was in *fault* in so doing.

A plaintiff may not only contribute to, but even be himself the immediate cause of his own injury, and yet recover damages therefor.

If his share in the transaction was innocent and not incautious, it furnishes no excuse for defendant, as in a case where by the negligence of a railroad company the train was run into such danger that in order to escape from greater peril the plaintiff jumped off and thus injured himself, he recovered damages against the company. (Shearman & Redfield on Negligence, § 28.)

Where the negligence of plaintiff is relied upon to defeat his recovery, he must have been guilty of at least *ordinary* negligence. His failure to use *great* care will not defeat the action. (Shearman & Redfield, § 29.) In the present case it was the duty of plaintiff's decedent to use such care and diligence in protecting himself from harm as would have been exercised by a man of ordinary prudence, placed in his position.

It is claimed by defendant that he should have climbed upon the top of the lumber where he would have been safe from the

shocks incident to moving freight cars upon a side track, with which we may suppose him to have been familiar. This is an assertion easily made, but it is not clear that it could have been readily and safely accomplished.

The shocks spoken of, and which accompany the starting and stopping of a train, or altering its rate of speed, and with which decedent was familiar, may have rendered it both natural and necessary for him to do what he and his associate both did, viz., hold on to the timber. The jury may have concluded from the circumstances that such was the safest course to pursue.

We cannot say, as a question of law, that decedent was guilty of contributory negligence in maintaining as best he could his position.

The law can only define the duty of individuals under given circumstances. The existence of the circumstances is a question of fact for the jury.

Under the instructions of the court, as given, and the testimony before them, we are of opinion the jury was warranted in the verdict rendered.

Appellant takes exception to the use of the word "stop" in the sixth instruction given on request of plaintiff.

The paragraph in which the word "stop" occurs proceeds upon the theory that if defendant by its agents carelessly and negligently caused the train of cars to move or start without giving any warning to deceased of its intention to move said cars, and did move or start or *stop* the same with such force or violence as to cause deceased to fall off" . . . .

Under the pleadings and evidence the court was warranted in giving the instruction as asked.

The gravamen of the charge as contained in the complaint, is that defendant by its servants negligently and carelessly and without notice to deceased did move its locomotive and cars so as "to back and move the same with great force and violence" . . . . and "by reason of the great force and violence used in backing and moving said cars, and of the great shock occasioned thereby, and the failure and neglect of said defendant to give any warning or notice thereof, said deceased was thrown from and off of said car" . . . .

Manifestly the complaint taken together charges that by reason of the shock given to the car upon which decedent was at

work, he was thrown off and killed. Whether the shock was produced by starting or stopping the train, by accelerating or checking its motion, is of little consequence, as the allegations are broad enough to authorize proof of the fact of stopping, as shown by the evidence, and the shock to the car occasioned thereby.

The refusal of the court to give the twelfth and seventeenth instructions as asked by defendant is assigned as error.

These instructions had already been given in substance, and very nearly in the same form at the request of defendant. The whole question of contributory negligence, so far as applicable to the case made, was clearly expounded to the jury, and to have repeated the same doctrine in synonymous language or terms of like import was unnecessary.

In defendant's reply brief, the point is for the first time urged, that the seventh instruction given at the request of plaintiff is erroneous.

The court had instructed the jury that in case they found for plaintiff they "must take into consideration all the circumstances *surrounding the case.*"

It is claimed the italicized words used. imparted to the jury that they were at liberty to go outside of the case as made, for circumstances upon which to predicate their verdict. The circumstances surrounding a case are such as are to be gleaned from the pleadings and evidence, and we must presume that it was to the circumstances appearing properly in the case, and not those outside of it and of which the jury are not presumed to know, that the court alluded in this instruction, and that the jury so understood it.

We think the judgment of the court below and the order denying the motion for a new trial should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion the judgment and order are affirmed.