## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, *v.* AMBROSE C. GREENWELL, APPELLANT.

CRIMINAL LAW—PERJURY · INDICTMENT. Under section 164, Code of Crim. Proced., an indictment for perjury alleging that the grand jury before whom the false testimony was given was duly impaneled and in session according to law, and engaged in the investigation of the matter in which the false testimony was given, that the foreman was duly appointed and acting as such, and was duly authorized to administer the oath, and that it was material to the matter under investigation whether certain facts, of which the testimony was given, existed, need not go further and make further allegations of the jurisdiction of the grand jury over the subject-matter of the investigation.

ID.—ID.- -MATERIALITY OF FALSE TESTIMONY.- When a grand jury was investigating as to whether a libel had been published, it is proper for them to investigate whether the matter charged to be libelous is true or false, and whether it was published with good motives for justifiable ends, and if false testimony is given before the grand jury in regard thereto, the witnesses testifying falsely are liable for perjury.

APPEAL from a judgment of conviction of the district court of the first district and from orders refusing a new trial, and to arrest judgment. The opinion states the facts.

*Mr. P. H. Emerson* and *Mr. James N. Kimball,* for the appellant.

*Mr. W. H. Dickson,* for the respondent.

HENDERSON, J.:

The defendant was convicted of perjury, and the case comes to us after motion for new trial, on statement, and motion in arrest of judgment, on objections to the indictment, and for alleged errors in the trial.

The objection to the indictment is that there is no averment that the grand jury before which the perjury is alleged to have been committed had jurisdiction of the matter then under investigation. The question was raised

on the trial by objections to the introduction of any evidence, which was overruled and by requests to charge, which were denied, and after verdict by motion in arrest of judgment, which was denied. The indictment was as follows:

"The said Ambrose C. Greenwell is accused by the grand jury of this court, by this indictment of the crime of perjury, committed as follows:

The said Ambrose C. Greenwell on the second day of July, A. D. eighteen hundred and eighty-six, at the county of Weber, in said Territory of Utah, and within the jurisdiction of this court, before the grand jury of this court, then and there duly empanelled, and in session according to law, and engaged in the investigation of whether certain libelous matter had been published of and concerning O. W. Powers, Esq., and Sarah Herrick, was called as a witness. And the said Ambrose C. Greenwell had then and there administered to him by W. J. Wood, Esq., the duly appointed and acting foreman of said grand jury, and then and there duly authorized and empowered to administer the same, an oath then and there to speak the truth, the whole truth, and nothing but the truth, in the said matter then under investigation by said grand jury as aforesaid. Whereupon, it then and there became and was a question of fact, and a fact material to said matter under investigation by said grand jury, whether the said Ambrose C. Greenwell had on or about the 13th day of April, A. D. 1886, or at any time, seen said O. W. Powers and said Sarah Herrick on a roadway between the City of Ogden and the Town of Kaysville, in the territory aforesaid, together and under circumstances of personal association and intimacy, and to this question and matter of fact, he, the said Ambrose C. Greenwell, then and there did feloniously, willfully, wickedly and corruptly testify, depose, and swear, in substance and effect as follows:

"I know Judge O. W. Powers and Miss Sarah Herrick, of Ogden City, Utah. I saw them in company about two months ago (meaning thereby, on or about the 13th day of April, 1886), at about 10 o'clock in the evening. I was within five paces of them. They were on the side of the

road; they had a carriage. He (meaning said O. W. Powers) was holding the horses by the lines, she (meaning the said Sarah Herrick) was standing on the ground near by the hind wheel of the carriage. I passed on the side of the carriage where she stood. I am well acquainted with Sarah Herrick." Then follow proper negative averments and conclusion.

The sufficiency of this indictment is to be tested by the statutes of this territory, and we refer to the following sections of the criminal practice act of 1878 as being applicable:

"Sec. 164. In an indictment for perjury, or subornation of perjury, it is sufficient to set forth the substance of the controversy or matter in respect to which the offense was committed, and in what court, or the persons before whom the oath alleged to be false was taken, and that the court or person before whom it was taken had authority to administer it, with proper allegations of the falsity of the matter on which the perjury is assigned; but the indictment need not set forth the pleadings, record, or proceedings with which the oath is connected, nor the commission, or authority of the court or person before whom the perjury was committed."

"Sec. 158. The indictment is sufficient if it can be understood therefrom (1) that it is entitled in a court having authority to receive it, though the name of the court be not stated; (2) that it was found by a grand jury of the district in which the court was held; (3) that the defendant is named, or, if his name cannot be discovered, that he is described by a fictitious name, with a statement that his true name is to the jury unknown; (4) that the offense committed was within the jurisdiction of the court, and is triable therein; (5) that the offense was committed at some time prior to the time of finding the indictment; (6) that the act or omission charged as the offense is clearly and distinctly set forth, without repetition, and in such a manner as to enable the court to understand what is intended, and to pronounce judgment, upon conviction, according to the right of the case.

"Sec. 159. Neither presumptions of law, nor matters

of which judicial notice is taken, need be stated in an indictment."

"Sec. 148. All the forms of pleading in criminal actions, and the rules by which the sufficiency of pleadings are to be determined, are those prescribed by this act."

And in relation to the hearing of cases in this court on appeals it is provided as follows:

"Sec. 376. After hearing an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

Section 164, above cited, is a substantial adoption of an English statute, which has been adopted by many jurisdictions in this country with more or less modification; and it has repeatedly been held, under similar provisions, that it is unnecessary to aver that the court had jurisdiction over the subject-matter under investigation at the time and in which the false oath is taken: *State* v. *Newton*, 1 C. G. Greene, 160; *State* v. *Keel*, 54 Mo., 182; *Com.* v. *Knight*, 12 Mass., 275; *Halleck* v. *State*, 11 Ohio, 400; 2 Russ. Crimes, 236, 237, and note. In the case before us the indictment expressly avers that the grand jury before which the false testimony was given, was duly impaneled and in session according to law, and engaged in the investigation of the matter in which the false testimony was given; that the foreman was duly appointed and acting as such, and was duly authorized to administer the oath; and that it was then and there a question and a fact material to said matter under investigation whether certain facts existed. We think that under the provisions of the statute above quoted it was unnecessary to make any further averments of the jurisdiction of the grand jury over the subject-matter of the investigation. It would at most have been but the allegation of a conclusion of law which is made unnecessary by the statute (section 159, above recited). In addition to the authorities above cited, we refer to *People* v. *Kelly*, 59 Cal., 272; Bish. Forms, sec. 875, note 6; 3 Archib. Pl. (Waterman's notes) 594, and note. We think the court was correct in holding the indictment good.

It is also urged by the defendant that the false testimony which is alleged to have been given was not material to the subject under investigation by the grand jury, and that, therefore, a charge of perjury cannot be based upon it. The charge, as will be seen by the indictment, was for perjury committed in an investigation by the grand jury as to whether a certain libel had been published of and concerning O. W. Powers and one Sarah Herrick. The evidence showed that the alleged libel was in charging grossly improper and immoral sexual relations between the parties named, and, after the prosecution had given evidence tending to show that the grand jury had received evidence of the publication, gave evidence tending to show that the grand jury then entered upon an investigation as to whether it was true or false, and that it was upon this subject that the false testimony was given; the testimony was received against the objection of the defendant, and the court instructed the jury, in substance, that the truth or falsity of the alleged libelous matters was a material question and fact before said grand jury upon the investigation as to whether the libel had been published, which was excepted to.

It seems to us that this objection is disposed of by the statute. Section 1954, Comp. Laws 1876, defines libel, and the next section declares it to be a crime, and fixes the punishment; and by section 1957 it is provided that "in all criminal prosecutions for libel, the truth may be given in evidence to the jury; and if it appears to the jury that the matter charged as libelous is true, and was published with good motives, and for justifiable ends, the party shall be acquitted." By section 131 of the criminal practice act of 1878 it is provided that "the grand jury must inquire into all public offenses committed or triable within the judicial district, and present to the court by indictment." And by section 135 of the same act it is provided as follows: "The grand jury is not bound to hear evidence for the defendant, but it is their duty to weigh all the evidence submitted to them; and, when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced,

and for that purpose may require the prosecuting attorney to issue process for the witnesses."

We entertain no doubt that, under these provisions of the statute, when the grand jury are investigating as to whether a libel has been published, it is competent for them to investigate as to whether the matter alleged as libelous is true or false, and as to whether it was published with good motives and for justifiable ends; and that when they do so they are material questions, and witnesses summoned before them, and sworn upon such questions, are liable to the penalties of perjury for false testimony.    Evidence is deemed material to the issue, and perjury may be assigned upon it, if it tends to establish a material circumstance or link in the chain of evidence, or is circumstantially material, or tends in any way to characterize the matter at issue, or tends to aggravate or extenuate the damages: Tiff. Crim. Law, 773; 2 Russ. Crimes, 600; *Hoch* v. *People,* 3 Mich., 577.

The record shows that the O. W. Powers named in the indictment was the then presiding judge of the first district.    It is a fair inference from the record that the libel was aimed at him on account of his official position.    It would be a scandal on the administration of justice, if under such circumstances, the grand jury could not investigate the truth of the charge.    There are various other assignments of error, but we do not deem it necessary to discuss them in detail.    They for the most part relate to latitude allowed by the court, in the examination of witnesses for the prosecution, and we do not think that the discretion of the court was so exercised as to call for any interference by this court.    The secondary evidence of the contents of the affidavits was, we think, also properly admitted, the proper foundation having been laid.

It is plain from this record that the libel, which was under investigation by the grand jury was a willful and malicious slander upon Judge Powers, and arose out of antagonism, engendered by the discharge of his official duties; and that when it was sought to be investigated, the defendant maliciously and with utter disregard for the truth and consequences as to the lady whose reputation was involved,

undertook to establish the truth of the charge with false testimony; and when he was put upon trial for the perjury committed thereby, it was sought to shield him by the convenient method of forgetting the facts. Much of the testimony for the people necessarily came from parties who were, at least, unfriendly to the prosecution, and under such circumstances very much must necessarily be left to the discretion of the trial judge. We have carefully examined the record, and the various assignments of error, and think that no substantial right of the defendant was violated, and that the decision and judgment of the court below should be affirmed.

ZANE, C. J., and BOREMAN, J., concurred.