WILLIAMS v. SOUTHERN PAC. R. CO.*

No. 9272; September 24, 1886.

11 Pac. 849.

**Railroad — Contributory Negligence in Sleeping on Track.—**
When one goes upon a railroad, and lies down and goes to sleep in
such a position as to be injured by a passing train, and is unseen by
the officers in charge of the train, although they exercised ordinary
care and diligence, held, that the railroad company is not liable.

Thornton, J., dissents.

---

*For subsequent opinion in bank, see 72 Cal. 120, 13 Pac. 40.

D. M. Delmas for respondent, Williams; S. F. Geil and H. V. Moorehouse for appellant, Southern Pac. R. Co.

ROSS, J.—The plaintiff, being intoxicated, lay down by the side of the defendant's railroad track, at a point within its right of way, about a mile distant from Salinas, in Monterey county, and went to sleep; and while lying there in that condition had one of his feet so crushed by the engine of the defendant's south-bound passenger train as to require amputation. The train was on time, and was running at its usual speed of from eighteen to twenty miles per hour. At the conclusion of the plaintiff's case a motion for nonsuit was made on behalf of the defendant, which the court below refused to grant; and a verdict having been subsequently returned for the plaintiff, the defendant moved for a new trial, which was denied.

An attentive examination of the record satisfies us that in both respects the court below was in error. There can be no sort of doubt that the act of the plaintiff in voluntarily going within the defendant's right of way, and lying down and going to sleep by the side of the track, in such a position that a passing train must strike him, was gross negligence. It is not easy to conceive of any that would be grosser. The case shows beyond question that that act on the part of plaintiff was the direct, proximate cause of his injury. Of course, notwithstanding the negligence of plaintiff and the fact that he was a trespasser upon the defendant's right of way, defendant would clearly be liable for any wanton or willful injury to him. As was well said by Mr. Justice McKee, in Tennenbrock v. Southern Pac. C. R. Co., 59 Cal. 270: "The mere fact that persons are wrongfully traveling on a railroad, afoot or on horseback, does not authorize officers of the company in charge of a train to run down such persons, or to wantonly inflict injuries upon them. If persons in that position are seen in time to avoid danger by warning them off by proper signals, such as ringing a bell or sounding a whistle, or slowing down, or stopping their train, it is the duty of the officers to resort to such means to prevent injury to the life or limb even of wrongdoers. The duty arises out of the circumstances of the situation, and it is as imperative upon them as any other

duty. But if persons in that situation are unseen by the officers in charge of a train until too late, in the exercise of ordinary care and diligence appropriate to the duties which they have to perform for their employers, to prevent injuries to others, or to resort to any means in their power for that purpose, the company is not liable.''

There is nothing in the evidence in the present case tending to show that the officers of the defendant's train were guilty of any wanton or willful act toward the plaintiff, and even if it could be held that the evidence tended to show negligence on the part of those in charge of the train, yet in view of the fact that the evidence shows, without any conflict, that the plaintiff's own gross negligence directly contributed to the injury, we cannot sustain the judgment appealed from without overturning the rule with respect to contributory negligence, long established, and many times announced in this state in the cases, among others, of Needham v. San Francisco & S. J. R. Co., 37 Cal. 419; Flemming v. Western Pac. R. Co., 49 Cal. 253; Robinson v. Western Pac. R. Co., 48 Cal. 409, 421; Nehrbas v. Central Pac. R. Co., 62 Cal. 320.

The case of Meeks v. Southern Pac. R. Co., 56 Cal. 513, 38 Am. Rep. 67, referred to and relied on by counsel for respondent, does not sustain his position, nor at all conflict with the doctrine of the cases above cited. In that case it was held that the evidence was sufficient to sustain the verdict of the jury to the effect that there was no contributory negligence on the part of the plaintiff, and that there was negligence on the part of the defendant. The plaintiff in that case was a child of tender years, and got upon the railroad track without the permission or knowledge of his parents, and was there prostrated by illness. In that condition he was injured by a passing train. Under such circumstances neither the child nor his parents could be fairly held guilty of contributory negligence.

Judgment and order reversed and cause remanded for a new trial.

We concur: Morrison, C. J.; Myrick, J.; McKee, J.; McKinstry, J.

THORNTON, J.—I dissent. I think there was evidence in the case on the question of negligence of defendant, and con-

tributary negligence of plaintiff, which should have been submitted to the jury. This was done by the court below, and there was no error in so doing. The opinion of the majority in this case is in conflict with the judgments of this court in Shafter v. Evans, 53 Cal. 33, Chidester v. Consolidated Ditch Co., 59 Cal. 197, McKeever v. Market St. R. Co., 59 Cal. 300, and Fernandes v. Sacramento City Ry. Co., 52 Cal. 45. See, also, New England Glass Co. v. Lovell, 7 Cush. (Mass.) 321, and Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745. These cases hold that on questions of negligence (and in this I include contributory negligence, which denotes negligence on the part of the plaintiff) the jury are not only to find the facts, but such inferences as follow from them. The question only becomes one of law when the facts proved are such that men of ordinary judgment and intelligence must all agree that they show negligence. The facts in this case are not of that character, for they tend to show that the engineer in charge of the train could, if he had discharged his duty, have seen the plaintiff lying on the track. It makes no difference that the engineer testified that he was looking, and did not see plaintiff. His credibility was a question for the jury. The judgment in this case is a new departure, which must result in great embarrassment to this court whenever it is invoked as authority.