[No. 12564. In Bank.—February 19, 1889.]

MARTHA DAVIS, ADMINISTRATOR, ETC., OF HARRISON DAVIS, DECEASED, RESPONDENT, v. R. W. BUTTON, APPELLANT.

NEGLIGENCE — MASTER AND SERVANT — NEGLIGENT CONSTRUCTION OF RAILROAD BRIDGE — ACTION FOR DEATH — REVIEW ON APPEAL.— In an action against the owner of a railroad for the death of an engineer, caused by the giving way of a defective bridge on the line of the road, if the evidence shows that the engineer was employed by one who was the foreman, conductor, and assistant superintendent of the line, and who organized the trip, and that the owner knew of the defective condition of the bridge, and the evidence is conflicting as to whether the deceased knew or had reasonable notice of its condition, a verdict for the plaintiff will not be disturbed upon appeal.

ID. — OPERATION OF RAILROAD — BURDEN OF PROOF.— In a suit against the owner of a railroad for negligence in its operation, the defendant is not injured by an instruction that it makes a sufficient *prima facie* case against the defendant to show that he was the owner of the railroad, without proving affirmatively that the persons in charge were his servants or employees. It is not necessary for the plaintiff to show that the owner had not leased the railroad, or had not in some other way given the entire management of it to another person.

CONTRIBUTORY NEGLIGENCE. — The plaintiff cannot recover if his negligence contributes proximately to the injury. It need not have been the sole cause of the injury.

RAILROAD — COMMON CARRIER.— A person engaged in the business of transporting passengers for hire upon a railroad operated by him is a common carrier.

INSTRUCTIONS. — Instructions are not to be separately criticised, nor is each one required to be perfectly accurate, so as to contain in itself every necessary qualification of a rule. It is sufficient if all the instructions taken together, and not being inconsistent with each other, or confusing, shall give to the jury a fair and just notion of the law upon the point discussed.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.

The facts are stated in the opinion of the court, and in the opinion of Mr. Justice McKinstry rendered on the prior hearing.

*H. C. Rolfe, Chapman & Hendrick,* and *Charles R. Redick,* for Appellant.

The inference that the owner of the road is the manager is one of fact, and not of law; and it was error to instruct the jury upon a mere question of the weight which they were to attach to a fact. (*People* v. *Walden,* 51 Cal. 589; *Stone* v. *Geyser Quicksilver Mining Co.,* 52 Cal. 315; *People* v. *Carrillo,* 54 Cal. 64.) The question of negligence should have been left to the jury. (*Fernades* v. *Sac. City Railway Co.,* 52 Cal. 50, and cases cited; *Wilson* v. *S. P. R. R. Co.,* 62 Cal. 172.) It is not essential that the plaintiff's negligence caused the accident; the question is not whether such negligence caused, but if it contributed proximately to, the injury. (*Colegrove* v. *New Haven R. R. Co.,* 20 N. Y. 492; Shearman and Redfield on Negligence, sec. 34; *McQuilken* v. *C. P. R. R. Co.,* 64 Cal. 466.) Want of ordinary care, in any way contributing directly to the injury, will prevent recovery. (*McAunich* v. *Mississippi R. R. Co.,* 20 Iowa, 338; *Muldowney* v. *Illinois Central R'y Co.,* 39 Iowa, 615; 2 Thompson on Negligence, p. 1151.)

*Frank F. Oster, Harris & Gregg, Byron Waters,* and *William G. Webb,* for Respondent.

The owner of the railroad is liable for the negligence of the person in charge of it with his assent and authority. (2 Thompson on Negligence, p. 892–894, secs. 12, 13, and notes; Shearman and Redfield on Negligence, secs. 71, 72, and notes; *Ferguson* v. *Wisconsin Cent. R. R. Co.,* 63 Wis. 145; Story on Agency, sec. 432.) Disobedience of orders is no defense, if the act is done in the scope of employment. (2 Thompson on Negligence, pp. 886–889, secs. 4–6; *Philadelphia etc. R. R. Co.* v. *Derby,* 14 How. 468; Story on Agency, sec. 452; *Sleuth* v. *Wilson,* 9 Car. & P. 607.) The injury of one who has a right to be carried safely is *prima facie* evidence of negligence. (*Yeomans* v. *Contra Costa S. N.*

*Co.*, 44 Cal. 81, 84; *Ficken* v. *Jones*, 28 Cal. 618; *Boyce*
v. *California Stage Co.*, 25 Cal. 467.) Contributory neg-
ligence is limited to the proximate cause of the in-
jury. (*Flynn* v. *S. F. & S. J. R. R. Co.*, 40 Cal. 19; 6 Am.
Rep. 595; *Needham* v. *S. F. & S. J. R. R. Co.*, 37 Cal.
409; *Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec.
282; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409; *Meeks* v.
*S. P. R. R. Co.*, 52 Cal. 602.)

McFARLAND, J.— On rehearing. The opinion of this
court on the first decision of the case touched all the
points made by appellant except one; and upon re-ex-
amination, we are satisfied with that opinion upon all
matters therein discussed. But with respect to the point
that the court below erred in giving certain instructions
to the jury, it is said in that opinion as follows: "We
cannot consider the argument in support of this point.
It does not appear that exceptions were taken to any por-
tions of the instructions of the court." The petition for
rehearing, however, called our attention to the fact that
there was a proper exception taken to the giving of in-
structions numbered 1, 2, and 4, asked by plaintiff. For
that reason a rehearing was granted; and it only re-
mains for us to inquire whether the judgment should
be reversed on account of those instructions.

1. There are one or two things in the first instruction
excepted to which, as abstract statements of legal prin-
ciples, may, perhaps, be questionable; but it is evident
that the instruction could have affected the jury to the
prejudice of defendant, or at all, only in this: that therein
the jury were told that where a plaintiff sues for injury
caused by the negligent management of a railroad, or
negligent construction thereof, it makes a sufficient
*prima facie* case against the defendant to show that he
was the owner of the railroad, without proving affirma-
tively that the persons in charge were his servants or
employees. And we do not think that defendant was

injured by that statement. Surely in such a case it is
not necessary for the plaintiff to show that the owner of
the railroad had *not* leased it, or had *not*, in some other
way, given the entire control, management, and opera-
tion of it to another person. A railroad in operation
differs in some respects from ordinary property; and we
cannot see that its admitted owner can be injured by the
inference, in the absence of proof to the contrary, that
he is operating it. In *Ferguson* v. *Wisconsin Central R. R.
Co.*, 63 Wis. 145, the court says: "Where a company
owns a railroad in operation, bearing the name of the
company, and which presumably the company con-
structed, the presumption is, that the company operates
it, and in order to release itself from liability for injuries
to persons upon such road caused by the negligence of
the employees operating the same, the burden of proof is
upon it to show that it does not operate the same." In
the case at bar the answer admits that the defendant was
the owner of the road.

2. The only part of the second instruction necessary
to be noticed is the latter clause, which is as follows:
"Provided you further believe from the testimony that
any injury sustained by deceased was not the result of
contributory negligence on the part of said deceased."
The criticism on this language is, that it told the jury
that defendant could not escape a verdict against him,
on account of any negligence of plaintiff, unless such
negligence caused—that is, *wholly* caused—the injury;
whereas, the true rule is, that plaintiff, in such a case,
cannot recover if his negligence contributes proximately
to the injury. But we think that the instruction is not
justly subject to that criticism,—particularly when con-
sidered with other charges given. It is probable that
the language, considered by itself, is not such as would
be adopted as a perfectly accurate statement by a moot
court, or by a law-writer in the repose of his study, or
upon any other sort of dress-parade. But the judge of

a trial court, engaged in actual service, with a real case before him, and with due regard to the dispatch of business, cannot be expected to see that every isolated sentence spoken or written by himself, or presented to him in the language of another, shall contain in itself every necessary qualification of a rule. It is sufficient if all the instructions taken together, and not being inconsistent with each other, or confusing, shall give to the jury a fair and just notion of the law upon the point discussed. Instruction No. 6, given at the request of defendant, shows plainly enough that the negligence of plaintiff, if any, need not have been the *sole* cause of the injury. (And it may be remarked that the attorney for defendant, in drawing the first part of this instruction, subjects himself to the same criticism with which he attacks the said second instruction asked by plaintiff.) Said instruction is as follows: "If a person's own want of ordinary care is the proximate cause of his injury or death, this is contributory negligence on his part, and no damages can be recovered from another person for such injury or death, even though the negligence of such other person may *also be a cause* of the injury or death." We think, therefore, that the jury were fairly given to understand that if the negligence of plaintiff contributed proximately to the injury, the verdict should be for defendant; and *not* that such a verdict depended upon the fact that the injury was the result of plaintiff's negligence *solely*.

3. We see no error in the fourth instruction excepted to, which is as follows: "If the jury believe from the evidence that the defendant was engaged in the business of transporting passengers for hire upon a railroad operated by him, then the law denominates the defendant a common carrier."

No doubt the evidence was conflicting and somewhat evenly balanced as to several material matters of fact; but we think that the case was fairly put to the jury,

Upon that point we are satisfied with the opinion of this court, delivered at the first hearing by Justice McKinstry.

Judgment and order affirmed.

SHARPSTEIN, J., PATERSON, J., WORKS, J., BEATTY, C. J., and THORNTON, J., concurred.

The following is the opinion above referred to, rendered in Bank on the 7th of May, 1888:—

McKINSTRY, J.—There was sufficient evidence that on the day mentioned in the complaint, when a train upon the railroad of defendant "was about to make a trip from said Colton to said city of San Bernardino, over said motor road," Harrison Davis, the deceased, entered the engine of said train for the purpose of running the engine, or of assisting the engineer in the management and control of the engine, with the knowledge and consent of John Button; further, that the deceased was a competent engineer. The evidence clearly showed that the bridge that gave away was weak, and inadequate to support the locomotive and car attached to it. There was a substantial conflict in the evidence as to whether Harrison Davis knew or had reasonable notice of the weakness of the bridge, or its inadequacy. When the bridge and locomotive fell, Harrison Davis was killed. Spring was asked to run the engine by John Button on the occasion referred to. John Button himself "fired up" the engine. Spring could not start the engine, and requested Davis to do it, John Button being present. Spring and Davis had previously run the engine with the knowledge of John Button and of defendant. Did John Button have power to authorize the deceased to manage the engine, or to assist Spring in managing it? John Davis testified that he was "foreman, conductor, and assistant superintendent" of the line. He gave the signal for the train to start, went

with it, and collected money of the passengers to pay for the cost of the coal and oil consumed on the trip. John Button also testified that he was the mover in getting up the trip that night. "It was got up by nobody's authority except my own." But there was testimony of a statement of defendant, made after the accident, that he was told "they were going to run up that night, and that he made no reply; he did not tell them to run it or not to run." The day before the accident the defendant told a witness that the train would probably not run to San Bernardino the next night; that he had a gang of men at work on the bridge. The witness thought the defendant said the trip would depend upon the completion of the work. Another witness testified that the day before the accident he heard John Button ask defendant if the train should run that evening; to which defendant replied: " John, I think it better not to run this evening; I think it not advisable," — or something to that effect. On the day of the accident, and previous to it, the defendant had taken iron rods to the bridge, and given them to workmen there, with directions to insert them in the bridge, and tighten them by means of bolts. After leaving them, the workmen inserted the rods, but did not " tighten " the rods, as they might have been, because they had no wrench to force down the bolts upon the nuts. The defendant did not forbid the running of the train on the evening when the deceased was injured, although he knew it was contemplated. There can be no doubt that John Button was employed in some capacity, and the defendant knew the train would be moved under John's general supervision. As yet, no engineer had been regularly employed, and defendant had every reason to believe that John Button would secure the services of one. In view of the circumstances, the evidence shows that John Button had power to authorize the deceased to run the engine. We cannot say,

upon the evidence, that the jury erred in finding that Davis was not guilty of contributory negligence.

Counsel for appellant contends that the court below erred in giving certain instructions to the jury. We cannot consider the argument in support of this point. It does not appear that exceptions were taken to any portions of the instructions of the court. Judgment and order affirmed.

SEARLS, C. J., McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.