[No. 14738.   Department One. — October 1, 1892.]

# EDGAR E. LONG, Respondent, *v.* CORONADO RAILROAD COMPANY, Appellant.

Negligence — Master and Servant — Carelessness of Fellow-servant. — For injuries received from the carelessness of a fellow-servant in the same general business, a servant cannot recover against his employer.

Id. — Railroads — Injury to Conductor — Neglect of Engineer. — A person employed as conductor and brakeman of a railroad train, who is injured while coupling cars, owing to the alleged negligence of the engineer in moving the cars without a signal from the conductor, cannot recover for the injury from the railroad company.

Id. — Failure to Provide Suitable Cars or Complement of Men — Assumption of Risk. — The failure of a railroad company to provide suitable cars and a sufficient complement of men does not entitle an employee, who has been injured through the negligence of a fellow-servant, to recover damages against the company, where it appears that he knowingly assumed the risk, and that no new danger accrued or was increased after the employment.

Id. — Contributory Negligence. — Where it appears that the accident resulted from the plaintiff's own carelessness, he cannot recover for the injury.

Appeal from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*Gibson & Titus,* and *Works, Gibson & Titus,* for Appellant.

The plaintiff assumed the risks, and cannot recover for his injuries received. (*Kielly* v. *Belcher S. M. Co.,* 3 Saw. 500; *Malone* v. *Hawley,* 46 Cal. 409; *Fisk* v. *Cent. Pac. R. R. Co.,* 72 Cal. 43; 1 Am. St. Rep. 22; *Vaughn* v. *Cal. Cent. R. R. Co.,* 83 Cal. 18; *Sowden* v. *Idaho Q. M. Co.,* 55 Cal. 452; *I., B. & W. R. R. Co.* v. *Flanigan,* 77 Ill. 365; *St. Louis etc. R'y Co.* v. *Britz,* 72 Ill. 256; *Chicago etc. R. R. Co.* v. *Geary,* 110 Ill. 383; *Penn. Co.* v. *Lynch,* 90 Ill. 333; *McQuigan* v. *D., L. & W. R. R. Co.,* 122 N. Y. 618; *Powers* v. *New York etc. R. R. Co.,* 98 N. Y. 274; *Appel* v. *B., N. Y. & P. R'y Co.,* 111 N. Y. 550; *Missouri Pac. R. R. Co.* v. *Somers,* 71 Tex. 700; *Green* v. *Cross,* 79 Tex.

130; *Sweet* v. *Ohio Coal Co.*, 47 N. W. Rep. 182.) As the plaintiff and the engineer were fellow-servants, the plaintiff cannot recover for any negligence of the latter. (*McLean* v. *Blue Pt. G. M. Co.*, 51 Cal. 255; *McDonald* v. *Hazletine*, 53 Cal. 35; *Stephens* v. *Doe*, 73 Cal. 26; *Brown* v. *Central Pac. R. R. Co.*, 72 Cal. 523; *Fagundes* v. *Cent. Pac. R. R. Co.*, 79 Cal. 97; *Congrave* v. *S. P. R. R. Co.*, 88 Cal. 360.)

*Sprigg & Barber*, for Respondent.

The defendant was negligent, in providing defective cars. (4 Am. & Eng. Ency. of Law, 417; *Towns* v. *Vicksburg etc. R. R. Co.*, 37 La. Ann. 630; 55 Am. Rep. 513; *Lewis* v. *Seifert*, 116 Pa. St. 628; 2 Am. St. Rep. 635; *Allison* v. *McCormick*, 118 Pa. St. 528; 4 Am. St. Rep. 613; *Beeson* v. *Green Mountain G. M. Co.*, 57 Cal. 29; *Slater* v. *Jewett*, 85 N. Y. 61; 39 Am. Rep. 627; *Ellis* v. *R. R. Co.*, 95 N. Y. 552.) The company was negligent, in failing to furnish a sufficient complement of men. (*Flike* v. *Boston etc. R. R. Co.*, 53 N. Y. 549; 13 Am. Rep. 545; *Booth* v. *Boston etc. R. R. Co.*, 73 N. Y. 38; 29 Am. Rep. 97.) As defendant's negligence was one of the causes contributing to the injury, it is not excused, if it be conceded that the negligence of the engineer was a concurring cause. (*Faren* v. *Sellers*, 39 La. Ann. 1011; 4 Am. St. Rep. 262; *Fisk* v. *Central Pac. R. R. Co.*, 72 Cal. 38; 1 Am. St. Rep. 22; *Ellis* v. *R. R. Co.*, 95 N. Y. 553; *Lilly* v. *New York etc. R. R. Co.*, 107 N. Y. 566; *Stringham* v. *Stewart*, 100 N. Y. 516; *Boardman* v. *Brown*, 44 Hun, 336; *O'Laughlin* v. *New York etc. R. R. Co.*, 113 N. Y. 623; 9 N. Y. St. Rep. 384; *Grand Trunk R. R. Co.* v. *Cummings*, 106 U. S. 700; *Towns* v. *Vicksburg etc. R. R. Co.*, 37 La. Ann. 630; 55 Am. Rep. 511; *Hunn* v. *R. R. Co.*, 7 L. R. A. 500; *Marsh* v. *Chickering*, 101 N. Y. 396; Civ. Code, sec. 1714; *Coppins* v. *New York etc. R. R. Co.*, 122 N. Y. 557; 19 Am. St. Rep. 523; *Griffin* v. *Boston etc. R. R. Co.*, 148 Mass. 143; 12 Am. St. Rep. 526; *Franklin* v. *Winona etc. R. R. Co.*, 37 Minn. 409; 5 Am. St. Rep. 856; *Cayzer* v. *Taylor*, 10 Gray, 274; 69 Am.

Dec. 317.)   As defendant had promised to restore the
brakeman, plaintiff did not waive his right to recover
for defendant's negligence in running its trains without
the usual and proper complement of men.   (*Hough* v.
*R. R. Co.*, 100 U. S. 213; *Patterson* v. *Pittsburg etc. R. R.
Co.*, 76 Pa. St. 389; 18 Am. Rep. 412; *Snow* v. *R. R. Co.*,
8 Allen, 441; *Huddleston* v. *Shop*, 106 Mass. 282.)   The
use of the defective cars did not bar a recovery for the
injury, as the peril was not imminent, apparent, usual,
nor necessary.   (*Magee* v. *North Pacific etc. R. R. Co.*, 78
Cal. 437; 12 Am. St. Rep. 69; *Cook* v. *R. R. Co.*, 32 Alb.
L. J. 318; *Leary* v. *Boston etc. R. R. Co.*, 139 Mass. 580;
52 Am. Rep. 733; *Flynn* v. *Kansas City etc. R. R. Co.*, 98
Mo. 195; 47 Am. Rep. 104; *St. Louis etc. R. R. Co.* v.
*Irwin*, 37 Kan. 701; 1 Am. St. Rep. 271; *Luebke* v. *Milwau-
kee etc. R. R. Co.*, 59 Wis. 127; 48 Am. Rep. 485; *North-
ern etc. R. R. Co.* v. *State*, 29 Md. 420; 96 Am. Dec. 545;
*Lawless* v. *R. R. Co.*, 136 Mass. 1; 4 Am. & Eng. Ency.
of Law, 428; *Sanborn* v. *Flume Co.*, 70 Cal. 267; *Hulehan*
v. *R. R. Co.*, 68 Wis. 520; *Hawley* v. *R. R. Co.*, 82 N. Y.
370; *Eddy* v. *Mining Co.*, 81 Mich. 548; *Soeder* v. *R. R.
Co.*, 100 Mo. 673; *Lent* v. *R. R. Co.*, 120 N. Y. 467; *Smith*
v. *Irwin*, 51 N. J. L. 507; 14 Am. St. Rep. 703; *Virginia
etc. R'y Co.* v. *White*, 84 Va. 498; 10 Am. St. Rep. 874;
*Hale* v. *Smith*, 78 N. Y. 480; *Button* v. *R. R. Co.*, 18 N. Y.
248; *McGrath* v. *R. R. Co.*, 32 Barb. 151; *Kellogg* v. *R. R.
Co.*, 79 N. Y. 76; *Centre* v. *Finney*, 17 Barb. 94.)   A non-
suit should not be granted, except where the inference of
contributory negligence is clear and incontrovertible.
(*Davies* v. *Steamship Co.*, 89 Cal. 280; *Massoth* v. *R. R.
Co.*, 64 N. Y. 529; *Putnam* v. *R. R. Co.*, 55 N. Y. 112; 14
Am. Rep. 190; *Weber* v. *R. R. Co.*, 58 N. Y. 455; *Powell*
v. *Powell*, 71 N. Y. 71; *Viner* v. *Steamship Co.*, 50 N. Y.
23; *Smith* v. *Coe*, 55 N. Y. 678; *Payne* v. *R. R. Co.*, 83
N. Y. 574; *People* v. *Conroy*, 97 N. Y. 80; *Munroe* v. *R. R.
Co.*, 50 N. Y. Sup. Ct. 114.)

TEMPLE, C. — Defendant appeals from the judgment,
and from an order refusing a new trial.

The action is to recover damages for personal injuries received while in defendant's employ as conductor and brakeman. The defendant owned what is called the Belt Road, at San Diego, which included a short line from the Coronado Hotel to the ferry, a distance of about one and one half miles.

The plaintiff had been in defendant's employ as conductor for several months. At first a brakeman had been employed. The brakeman was taken off the belt line — around the bay, to Fifth Street, San Diego, in July, and from the avenue line — from the hotel to the ferry — long before, — when, it does not appear. Plaintiff left the employment in June, but returned in September. When he re-entered the employ he knew there was no brakeman, and that he was to be both conductor and brakeman. He was told that defendant would employ a brakeman " when times got better."

The road did both a passenger and freight business; plaintiff acting as conductor and brakeman for both species of trains.

The freight-cars used by the defendant were short four-wheeled cars with no bumpers, and with stake-staples projecting from the ends. The draw-heads were scarcely longer than the depth of the staples. It was impossible to couple them by going between the cars; to do this, they raised the link and kept it in place by a block, and fixed the pin up so that it would easily drop into place, or if it failed to do so from the jar, it could be touched with a stick and made to fall in.

Plaintiff testified that he was perfectly familiar with all this; had frequently coupled the cars during his first employment, and was well aware of the danger.

At the time of the accident, there was occasion for haste; the engine, with two flat-cars attached, loaded with railroad ties, stood on a curve, and was to be attached to a third car, farther back on the curve. Plaintiff, having adjusted the link and pin, stepped to the outside of the curve and gave the signal to back, which was done. Plaintiff, seeing that the pin had fallen too

soon, gave the signal to stop, and the cars were stopped, as he says, when about one foot from the third car. Plaintiff testified, however, that from this point he could not see the engineer. It would have been necessary to go around the car to do that, but he supposed the engineer would see him. At all events, the car stopped, and being in a hurry, he jumped in to readjust the pin. As he did so the car moved again, and he was caught and injured.

A jury was waived, and the court found for plaintiff, and judgment was entered accordingly.

I do not see how this judgment can be maintained. Respondent's counsel admits that to go between these cars for the purpose of coupling them would be equivalent to an attempt to commit suicide. But he contends that plaintiff went there when the car was at rest, and there was an implied promise on the part of the engineer that the car would not be moved until he gave the signal.

Even on this theory plaintiff could not recover, for then the cars must have been moved either through the carelessness or incompetency of a fellow-servant. At the trial he withdrew the charge of incompetency. For injuries resulting from the carelessness of a fellow-servant in the same general business, he cannot recover against the employer. (Civ. Code, sec. 1970.)

Plaintiff, however, contends that since defendant was negligent in not providing suitable cars or a sufficient complement of men, it is responsible, although the negligence of a fellow-servant contributed to the injury. The rule on this subject is announced in *Martin* v. *California Central R. R. Co.*, 94 Cal. 326. The question is, Had defendant a right to believe, and did it believe, that plaintiff had waived his objections to the defects in the cars? His own testimony shows that he was thoroughly acquainted with the defects and knew the extent of the danger, and that he contracted to do the work under these conditions. This is not a case where danger accrued or was increased after the employment. There was no conflict in the evidence, and no other conclusion

can be drawn from it than that he knowingly assumed these risks by his contract.

If he could not recover against the company, because of the defective cars or insufficient complement of men, on the ground that he assumed the risk, nor because of the negligence of a fellow-servant, it would necessarily follow that he cannot recover where both combine.

The cases cited by respondent are where injury resulted from some act or omission of the master, and it was sought to defend the master on the ground that the negligence of a fellow-servant contributed to the injury. It is held that the fault of the master is not excused by the act of the fellow-servant.

But I think it plain that the accident resulted solely from plaintiff's carelessness. How he could assume that the engineer could see him, when he could not see the engineer without going quite around the car, is not made manifest by the evidence. But conceding the engineer did see his signal to stop, it is not explained how the engineer would understand anything else than that he had backed far enough to accomplish the coupling. How could the engineer know that it would make any difference if the car did move still farther back?

The presumption is, that the engineer did not see the signal. As he could not, it was natural that he should move very slowly, and even stop occasionally, and not feeling or hearing the shock of the cars meeting or any word from plaintiff, that he should continue the movement.

I think the judgment and order should be reversed and a new trial had.

BELCHER, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and a new trial ordered.

PATERSON, J., GAROUTTE, J., DE HAVEN, J.