Thompson vs. The Edward P. Allis Co.

to speak, and was not appurtenant to the lands. It did not pass by their conveyance to *Mrs. Tyson.* The decision was right.

*By the Court.*— The motion for a rehearing is denied.

THOMPSON, Respondent, vs. THE EDWARD P. ALLIS COMPANY, Appellant.

*December 19, 1894 — March 5, 1895.*

*Master and servant: Injury from uncovered gearing: Statute construed: Contributory negligence: Court and jury: Assumption of risk: Duty to warn servant of dangers.*

1. Sec. 1636*f*, S. & B. Ann. Stats. (providing that all gearing, etc., "so located as to be dangerous to employees when engaged in their ordinary duties shall be securely guarded or fenced so as to be safe to persons employed in any such place of employment"), applies to employees engaged in work upon the gears themselves, as well as to others.

2. Under that statute an employer is not absolutely liable for an injury resulting from failure to cover such gearing, but may make the defense that the injured employee was guilty of contributory negligence. *Quackenbush v. W. & M. R. Co.* 62 Wis. 411, distinguished.

3. Plaintiff, while employed in defendant's machine shop as a helper on a boring machine, was injured by having his sleeve caught and his arm drawn between uncovered cogwheels which constituted a part of the gearing of said machine. Upon the evidence — tending to show, among other things, that he had been set to work on the machine without experience, instruction, or warning as to the danger — it is *held* that the question whether he assumed the risk and the question of contributory negligence were for the jury. *Burnell v. West Side R. Co.* 87 Wis. 387, distinguished.

4. An employer is not bound to anticipate every possible risk or accident which may happen to an employee in the use of a machine, but must be held to have discharged his duty if he gives such general instructions and cautions as will enable the employee, by the use of his intelligence, to comprehend the dangers of the work. The refusal of an instruction to that effect in this case is *held* error.

Thompson vs. The Edward P. Allis Co.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

Personal injuries. The defendant owns and operates a foundry and machine shop in Milwaukee. Plaintiff was a Norwegian by birth, and was twenty-four years old at the time of the accident. At the age of sixteen years he became a sailor, and sailed for a number of years upon the ocean, and subsequently upon the Great Lakes, working as a common laborer in the winter. About the 1st of September, 1890, he was employed by the defendant in its machine shop as a laborer in a gang whose duty it was to put castings upon the planes, lathes, and boring machines, and take them off again when completed. He worked in this capacity until on or about November 1, 1890, when he was put to work by the foreman of the shop as a helper on a large boring mill, which was in charge of one Bauer. The foreman claims that the plaintiff applied for this work, but this is denied. The foreman also claims he told the plaintiff to be careful and that it was a dangerous place to work, but this is also denied. The machine in question was a new machine. It stands about eight feet in height, and has two large cogwheels, about thirty inches in diameter, running vertically, each turning inwardly and meshing into cogs on the shaft which forms the axle of the other. The top of the upper cogwheel is about twenty-one inches above the floor of the shop. Between the inner surface of the nearer cogwheel and the body of the machine is a place about eight inches in width. The plaintiff claims that he was directed to oil one of the shafts in this place, and to feel of it frequently, to see if it was hot. On the 11th day of November, 1890, while the plaintiff was at work about the machine, his sleeve was drawn between the cogwheels, and his arm seriously injured. He claims that he was feeling of the shaft at the time to see if it was hot. On the other side, it was claimed that he was wiping the machine with waste, and that he

dropped his waste, and reached over the shaft and grabbed for it, and was thus caught between the cogs. There was evidence on the part of the defendant that just before the accident the plaintiff was cautioned by another employee to be careful or he would be caught, but this was denied by the plaintiff.

At the close of the plaintiff's evidence a motion for nonsuit was overruled, and at the close of the case a motion to direct a verdict for the defendant was overruled, and to both of the rulings exception was taken. The jury returned the following special verdict: "(1) Was the plaintiff, at or about the time in that behalf alleged in the complaint, injured while working upon a boring mill belonging to the defendant corporation, and situated at its works in the city of Milwaukee? _A._ (By direction of the court.)    He was. (2) Was said injury caused by the sleeve of the plaintiff's coat or blouse being caught between two cogwheels, and by his arm being thereby drawn between said cogwheels? _A._ (By consent of counsel.)    Yes.    (3) Did said two cogwheels constitute a part of the gearing of said boring mill? _A._ (By consent of counsel.)    Yes.    (4) If you answer the last question in the affirmative, were said cogwheels so situated as to be dangerous to employees working about said boring mill when engaged in their ordinary duties, the same being uncovered?    _A._ Yes.    (5) Was said gearing in fact uncovered and unguarded?    _A._ Yes.    (6) If you answer the last interrogatory in the affirmative, could said gearing have been protected or guarded so as to prevent employees engaged in their ordinary duties from receiving injuries like that received by the plaintiff?    _A._ Yes.    (6a) If you answer the fifth interrogatory in the affirmative, could said gearing have been protected or guarded so as to prevent the plaintiff from being so injured while engaged in his ordinary duties?    _A._ Yes.    (7) Did the plaintiff have sufficient knowledge and experience of machinery to compre-

hend and appreciate the risk of his sleeve being accidentally caught between the cogwheels in question, and the danger of having his arm thereby drawn between said wheels and being injured? *A.* No. (8) Had the plaintiff, prior to his injury, been instructed or cautioned by any one with respect to the risk or danger of being caught in said gearing and injured? *A.* No. (9) Had the plaintiff been sufficiently instructed or cautioned to enable him to comprehend and appreciate the risk of his arm being accidentally drawn between the cogwheels in question? *A.* No. (10) Was the plaintiff directed by the machinist Bauer to go where the cogwheels were situated and clean the machine while it was running? *A.* No. (11) Was the plaintiff directed by the machinist Bauer to feel the sleeve between the east cogwheel and the face of the machine, and ascertain whether it was hot, while the machine was running? *A.* Yes. (12) Was the plaintiff directed by the machinist Bauer to clean and oil the machine near the cogs in the morning before the machine started up? *A.* Yes. (13) Was the plaintiff warned by Bauer to keep away from the part of the machine where the cogs were situated, while the machine was running? *A.* No. (14) Did the plaintiff, at the time of the injury, go where the cogs were without direction or instruction from Bauer? *A.* Yes. (15) Did the plaintiff, while wiping the machine with a piece of waste, drop his waste between the shafts at the head of the machine? *A.* No. (16) If you answer the last question in the affirmative, did the plaintiff on dropping such waste reach down after it between the shafts, and did his sleeve while so doing get caught by the cogwheels? *A.* No. (17) Was there any lack of ordinary care on the part of the plaintiff, which proximately contributed to the injury? *A.* No. (18) Was the plaintiff warned by any employee, shortly before the injury, that there was danger of getting caught in the gears? *A.* No. (19) Did the plaintiff himself make application to be given the em-

ployment in which he was engaged on the boring mill with Bauer? *A.* Yes. (20) If the court should be of opinion that the plaintiff is entitled to judgment, in what sum do you assess his damages? (This question is to be answered without reference to the answers to the previous questions or any of them.) *A.* $1,250.

Upon this verdict judgment was entered for the plaintiff, and defendant appealed.

For the appellant there was a brief by *Frank M. Hoyt*, attorney, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *Mr. Hoyt.* They argued, among other things, that the danger was plain, open, and apparent. No instruction or warning was necessary in the face of the obvious risk which a man ran in putting his hand and arm near these moving cogs. A mere look at these wheels would give any adult of ordinary intelligence full knowledge of the danger and full appreciation of the risk or possibility that if he put his blouse-covered arm close to the moving cogs it might accidentally be drawn in between them. It was no excuse that he did not think about the matter. A man of full age is absolutely bound to think what he is doing in the face of such palpable risk and danger, and cannot shelter himself in case of accident behind a failure to exercise those faculties which even a man of slight intelligence should exercise under the circumstances. *Mackin v. Alaska R. Co.* 58 N. W. Rep. 999, and other cases cited in Am. Dig. 1894, p. 2949; *Luebke v. Berlin M. Works*, 88 Wis. 442; *Burnell v. West Side R. Co.* 87 id. 387, and cases cited; *Wedgwood v. C. & N. W. R. Co.* 41 id. 478; *Kelly v. Abbot*, 63 id. 307; *Hughes v. C., M. & St. P. R. Co.* 79 id. 264; *Atlas E. Works v. Randall*, 100 Ind. 293; *Ciriack v. Merchants' W. Co.* 146 Mass. 182; *Crowley v. Pacific Mills*, 148 id. 228; *Berger v. St. P., M. & M. R. Co.* 39 Minn. 78; *Kelley v. Barber A. Co.* 20 S. W. Rep. 271; *Quick v. Minn. I. Co.* 47 Minn. 391; *Walsh v. St. P. & D. R. Co.* 27 id.

367; *O'Keefe v. Thorn,* 16 Atl. Rep. 737; *Foley v. Pettee M. Works,* 149 Mass. 294.

*Orren T. Williams,* attorney, and *C. H. Van Alstine,* of counsel, for the respondent, contended, *inter alia,* that the court cannot say as a matter of law that the plaintiff assumed the risk of injury under the circumstances in this case. *Jones v. Florence M. Co.* 66 Wis. 268; *Rummell v. Dilworth,* 111 Pa. St. 343; *Nadau v. White R. L. Co.* 76 Wis. 120; *Sherman v. Menomonie R. L. Co.* 72 id. 122; *Neilson v. Marinette & M. P. Co.* 75 id. 579; *Hulehan v. G. B., W. & St. P. R. Co.* 68 id. 520; *McClarney v. C., M. & St. P. R. Co.* 80 id. 277; *Dorsey v. Phillips & C. Const. Co.* 42 id. 598; *Coombs v. New Bedford C. Co.* 102 Mass. 572; *Haynes, Spencer & Co. v. Erk,* 6 Ind. App. 332; *Grizzle v. Frost,* 3 Fost. & F. 622; *Richmond & D. R. Co. v. Powers,* 149 U. S. 45.

WINSLOW, J. Some complaint is made by the appellant of the submission of questions numbered 6 and 6*a* to the jury. It is said that the statute providing for the covering of all gearing so located as to be dangerous to employees when engaged in their ordinary duties (S. & B. Ann. Stats. sec. 1636*f*) does not apply to an employee who is engaged in work upon the gears themselves, but to the case of other employees who in performing their duties are in danger of being caught by the gears, but who are not employed directly upon or about them. We are unable to adopt such a narrow view of the statute. To do so would certainly go far to nullify the evident purpose of the law, and leave the mischief which the law is plainly framed to remedy well nigh as great as before. In this view of the law, there was certainly testimony which justified the submission of these questions to the jury.

The appellant's principal contentions are: *First,* that the evidence shows the plaintiff to have assumed the risk and

Thompson vs. The Edward P. Allis Co.

to have been guilty of contributory negligence; *second*, that the court erred in refusing to give to the jury certain instructions.

1. Upon the first contention reliance is placed upon the case of *Burnell v. West Side R. Co.* 87 Wis. 387. There are points of similarity in the two cases, but there are also well-defined differences. In that case it appeared by the complaint that the plaintiff was instructed in the duties of running the electric car and cleaning the machinery by which he was injured during a period of eight days. According to the plaintiff's story in the present case, he was set to work on the boring machine, without experience, without instruction, and without warning, and we think it impossible to say, under the evidence, that he must be held as matter of law to have appreciated the risk and so assumed it. Nor can it be said that the evidence conclusively shows him to have been guilty of contributory negligence. In view of the circumstances shown by the evidence, these questions were both properly questions for the jury.

2. By the eighth and ninth questions, the jury were asked whether the plaintiff had been sufficiently instructed or warned of the risk to which he was exposed. In connection with these questions, the court very properly instructed the jury, in substance, that if he had received instructions or warnings sufficient to put him on his guard and enable him to comprehend the risk of being caught in the gears if he had used the intelligence which he possessed, then he must be presumed to have comprehended and appreciated the risk of the injury which he suffered. In addition to this instruction, the defendant requested the following instruction, which was refused: "While it is the duty of the employer to give proper warnings and instructions to his employees to enable them to understand and comprehend the danger of the employment, *still it is not necessary that the employer should anticipate every possible exigency by which*

Thompson vs. The Edward P. Allis Co.

*the employee may be injured;* but if the employer gives to the employee, in general terms, such knowledge that the machinery with which or the locality in which he is at work is dangerous, so that the employee's attention is called and attracted to that fact, and the employee ought, by the exercise of his senses and the intelligence with which he is possessed, to comprehend the dangers of his employment, then he must be held to have sufficient knowledge and experience to comprehend and appreciate the risk of his employment." This instruction should have been given. It is manifestly impossible for an employer to anticipate in advance every possible risk or accident which may happen in the use of a given machine, and if he gives such general instructions and cautions as will enable the employee, by the use of his intelligence, to comprehend the dangers which threaten him in his work, he must be held to have discharged his duty. This idea, that the employer is not bound to anticipate all possible accidents and risks, was not contained in the charge given by the court, but it was aptly expressed in the instruction refused. We think the refusal was error.

It was argued by the respondent that, because the jury had found that the gearing was of such a character that the law above mentioned required it to be covered, the defense of contributory negligence could not be made, and that the defendant was absolutely liable for an injury resulting from failure to cover the gearing. We cannot so hold. Under a very similar statute, requiring the fencing of railroads, the doctrine contended for was denied. *Curry v. C. & N. W. R. Co.* 43 Wis. 665. The decision in *Quackenbush v. W. & M. R. Co.* 62 Wis. 411, under a later statute, which created an absolute liability for injuries occasioned, "in whole or in part," by the failure to fence, is plainly not applicable to the present case.

*By the Court.*— Judgment reversed, and action remanded for a new trial.