[Sac. No. 1719.    Department Two.—August 31, 1910.]

## CHARLES O. VESTNER, Appellant, v. NORTHERN CALIFORNIA POWER COMPANY (a Corporation), Respondent.

NEGLIGENCE—MASTER AND SERVANT—LIABILITY OF EMPLOYER—FORMER CODE PROVISION—NEGLECT OF FELLOW-SERVANTS—FOREMAN.—Under section 1970 of the Civil Code, as it stood when plaintiff was injured, prior to the amendment of 1907, the negligence of a foreman of defendant, as well as that of other fellow-servants, was the negligence of a fellow-servant of the plaintiff, against which the employer is not liable to indemnify the plaintiff, if the negligence causing the injury was not committed in the performance of a duty owed by law from the employer to the plaintiff, or if the employer has not neglected to use ordinary care in the selection of the culpable employee.

ID.—INJURY TO LINEMAN FROM FALL OF CHOPPED TREE — NEGLIGENT FOREMAN NOT VICE-PRINCIPAL.—Where an experienced lineman was directed by the foreman of defendant to climb a tree to adjust a rope thereto, preliminary to adjusting power wires thereon, and the foreman who was directing other servants in the removal of trees from in front of the power line, had directed the chopping of a tree near to such tree, and had refused the request of such lineman that the chopping be discontinued, and instead of warning him of danger had assured him there was no danger, and he was injured by the falling of the chopped tree upon him, he cannot claim that the neglect of the foreman was that of a vice-principal, in putting him to work in a perilous position.

ID.—OBVIOUS RISK.—Where the experienced lineman was sent into a place to work not inherently dangerous, with knowledge that the men were at work cutting on a neighboring tree, which if continued sufficiently, would fall and might injure him; and seeing that risk and estimating the probabilities, it is clear that he took the chance of finishing the adjustment of the rope, before the tree should fall.

ID.—NEGLIGENCE OF FOREMAN.—The negligence of the foreman in permitting the other tree to be cut down so that it fell and injured the plaintiff, was the negligence of his fellow-servant.

ID.—ASSUMPTION OF OBVIOUS RISK.—Where an employment is accompanied with risks of which those who enter into have notice, they cannot, if they are injured by exposure to such risks, recover compensation from their employer.

ID.—INJURY OWING TO NEGLIGENCE OF FELLOW-SERVANTS.—The injury to the plaintiff occurred by the negligent manner in which his fellow-employees did their work, and not by any act or omission of the defendant as employer. The foreman was a fellow-employee of the plaintiff, and not in the discharge of a personal duty which the defendant owed to the plaintiff, and the injury was due to the negligence of plaintiff's fellow-employees.

APPEAL from a judgment of the Superior Court of Glenn County. Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

Charles L. Donohoe, and Frank Freeman, for Appellant.

Samuel Rosenheim, H. B. M. Miller, and B. F. Geis, for Respondent.

MELVIN, J.—Plaintiff appeals from a judgment in favor of defendant in an action for damages for personal injuries. The appeal is on the judgment-roll alone. Plaintiff was employed by the defendant corporation as a lineman and was engaged with other workmen constructing a power line from Orland to Hamilton in Glenn County. The complaint alleged that plaintiff was directed by defendant to ascend a tree for the purpose of placing certain wires therein; that he climbed the tree as directed and while there was caught and injured by the falling of another tree which defendant negligently and carelessly cut without warning to plaintiff; that plaintiff was not familiar with the handling of wires in trees, such work being outside of his regular employment; that defendant failed to warn him of the dangers attendant upon the performance of his work, and particularly of the peril arising from the cutting of a tree near the one in which he was at work; and that by reason of defendant's negligence he was injured.

The court found, however, that plaintiff was experienced in the kind of work he was performing and that, indeed, he was

a man of varied experience in several employments. There were also findings to the effect that plaintiff was ordered to ascend the tree by defendant's field foreman, Stark, for the purpose of fastening a rope therein; that before he climbed it, while he was climbing it, and after he had ascended it, some of plaintiff's fellow-servants were removing trees; and that said fellow-servants were also under the direction of foreman Stark. There was an additional finding to the effect that before going up into the tree plaintiff had requested Stark to have the work of cutting the other tree cease, but that Stark assured plaintiff that there was no danger. There was also a finding that there would have been no danger if the chopping had ceased at the time plaintiff made his request that Stark should order the other men to discontinue the work of cutting down the tree that afterwards fell and injured plaintiff. Additionally the court found that plaintiff went into the tree to tie a rope and that this was within the scope of his employment and that said tree was not a place of danger to plaintiff except as it was made so by the careless and negligent act of plaintiff's fellow-servants in cutting down the tree that did the damage in its fall.

At the time of the occurrence of the unfortunate accident which was the basis of this action, section 1970 of the Civil Code was as follows: "An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, nor in consequence of the negligence of another person employed by the same employer in the same general business, unless the negligence causing the injury was committed in the performance of a duty the employer owes by law to the employee, or unless the employer has neglected to use ordinary care in the selection of the culpable employee." Appellant mantains that under the duty enjoined by law upon respondent to provide a safe place for the prosecution of the work of its employees, the corporation was bound to insure Vestner against injury arising from the negligence of his fellow-servants in cutting the tree near the one into which he was directed by the foreman to go; and that Stark, the foreman, acted as a vice-principal in putting Vestner to work in a place made perilous by the operations of the other workmen.

We are unable to agree with this view of the case. Vestner,

an experienced workman, was sent into a place not inherently dangerous. He knew that men were at work cutting on a neighboring tree. Of course he knew, as a matter of common experience, that if their work was continued sufficiently the tree would fall and might injure him. While the foreman assured him that there was no danger, he was in a position to see the extent of the cut which the woodchoppers had made. Seeing that, and estimating the probabilities, it is clear that he took the chance of finishing the particular duty of the moment before the tree should fall. The sole question in this case is this: Was the injury caused by defendant's failure to perform a personal duty which it owed to plaintiff? Stark had control of the men engaged in the construction of the work, and it was the duty of plaintiff to obey his orders. There was no contention that he was incompetent, or that the corporation had not exercised due care in selecting and employing him as a foreman. The place which he had chosen for the plaintiff's work was, as we have said, in itself a reasonably safe one. He was negligent in permitting the other tree to be cut down so that it fell upon and injured the plaintiff, but in this he was a fellow-servant of Vestner. Under the statute and authorities as they existed at the time plaintiff was injured, we can see no other conclusion. Since that time section 1970 of the Civil Code has been amended, but such amendment has no application to this case. The learned judge of the superior court filed an opinion in which he discussed some of the Californian cases upon this question, as follows:

"The defendant was engaged in mining gold at Sucker Flat, county of Yuba. The plaintiff was in its employ, and was engaged in picking dirt and gravel into the defendant's ground sluice. The defendant was engaged in blasting rock on the mine. One Kegan was the foreman of all the work, and had the authority to employ and discharge hands. The plaintiff was struck by a rock thrown from a blast a distance of three hundred feet. He was exposed to injury by the blast, and it was by means of Kegan's negligence that he was not notified that the blast was to be fired. It was held that the defendant was not liable. (*McLean* v. *Blue Point Gravel Co.,* 51 Cal. 255.). That case was very much like the one at bar. In each case the foreman ought to have warned the plaintiff of the danger and failed to do so. Another similar case is that of

*Daves* v. *Southern Pacific Co.*, 98 Cal. 19, [35 Am. St. Rep. 133, 32 Pac. 708]. The section foreman, who had the power to employ and discharge men, and had employed the deceased, opened a switch and ran a hand-car thereon, negligently leaving the switch open. The deceased was engaged in doing something about the hand-car and was under the end thereof when a train coming up ran into the open switch, colliding with the hand-car and killing the deceased. It was held that the death of deceased resulted from the negligence of a fellow-servant and that the defendant was not liable; that the place provided by the defendant was a safe place to work in the first instance and was rendered unsafe only by the negligent act of a fellow-employee. So it would appear in this case, if it was the duty of the defendant to furnish the place to work, that it was reasonably safe, and was rendered dangerous only by reason of the negligence of the fellow-employees of the plaintiff, in the act of cutting down the tree which injured him. In the case of *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417, [49 Pac. 559], the facts were as follows: A pile had been driven too deep, and the plaintiff, with other men, was sent by the superintendent to lay a foundation for a jack-screw to raise the pile. This required the plaintiff to work under the pile driver. Plaintiff was engaged in carrying and arranging blocks upon which to place the jack. The blocks were supplied from a place ten or twelve feet above, from which height they were thrown down to the workmen below. M. B. Stone, the superintendent, was supervising the work. Plaintiff, while stooping down to pick up a block, was struck by one thrown from above. The man above asked before he threw the block if all was clear below, and was answered in the affirmative by the superintendent and others, and the block was allowed to fall. The superintendent, when he gave his answer, was standing within a few feet of the plaintiff, and there was nothing to obstruct his view of him. The superintendent was held guilty of negligence but the defendant company was held not to be negligent. The following language of the court is applicable to this case: 'Under the facts of the case at bar, it is quite apparent that Stone, in answering to the call of the workmen that all was clear below, was not performing on behalf of the defendant corporation any duty by law imposed upon it. The employees were engaged in a task within

the scope of their employment. It cannot be successfully contended that the appliances were not suitable, the place of labor not reasonably safe for the character of the work, or the fellow-employees not fairly competent and careful.' "

In none of the cases cited by the court were the facts so strongly against the contention of the plaintiff as those found in the case at bar. In those cases the persons injured did not know of the operation of the dangerous agencies near the places where they worked. Here the plaintiff knew that the chopping by his fellow-workmen was in progress after he climbed the tree. By thus assuming the risk he brought himself clearly within the well-known rule so well expressed by Wharton in his work on Negligence (sec. 200): "Where an employment is accompanied with risks of which those who enter into it have notice, they cannot, if they are injured by exposure to such risks, recover compensation from their employer." In *Nofsinger* v. *Goldman*, 122 Cal. 617, [55 Pac. 429], this language was used: "Defendant's proposed instruction 9 was to the effect that when an employee assents to occupy a place prepared for him, and to incur the dangers to which he will be exposed thereby, if the employee have sufficient intelligence and knowledge to enable him to comprehend the risks and dangers, his assent dispenses with the performance upon the part of the employer of the duty of making the place reasonably safe. If an employee agree with his employer to undertake the performance of a specific task, either working in an unsafe place, or with unsafe and inadequate appliances, and in so contracting the employee knows and understands the danger of the situation, and knows and understands that the appliances are unsafe, and further appreciates the risks which may follow the use of such inadequate appliances, it is truly said that in these respects he has by his contract and by his assent relieved his employer from duty in these particulars. So far as the proposed instruction bears upon this proposition of law, it is unobjectionable."

In view of the fact that the law has been changed and that under the present statute perhaps there might have been a liability on defendant's part, we have carefully examined the authorities cited and have considered the case in all of its aspects which have been presented to us. After such consideration we are constrained to agree with the learned judge of the

superior court who, after a very clear exposition of the law, summed up as follows: "At the time of the accident the employees were engaged in cutting down a few trees which happened to be in the way of the power line, and it was their duty to exercise such care in cutting them as to avoid injury to any of their number, and the injury to the plaintiff occurred by reason of the negligent manner in which his fellow-employees did their work, and not by reason of any act or omission of the defendant. The foreman, Stark, was a fellow-employee of the plaintiff and not in the discharge of a personal duty which the defendant owed to the plaintiff, and the injury was due to the negligence of plaintiff's fellow-employees."

From the foregoing discussion it follows that the judgment must be sustained, and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.