[S. F. No. 5771.   Department One.—January 26, 1912.]

## LEONARD J. BRESETTE, Appellant, v. E. B. & A. L. STONE COMPANY (a Corporation), Respondent.

Negligence—Master and Servant—Assumption of Risk of Exposed Gearing.—A man, although inexperienced in the use of machinery, who is employed as an oiler in and about a rock crusher, the exposed condition of the gearing of which was perfectly obvious and patent to any casual observer, is charged with knowledge of the risk entailed in working over the gearing, and that if he allowed his hands or arms to come in contact with the gearing he would be severely injured.

Id.—Pleading — General Allegation of Absence of Knowledge — Specific Allegations Showing Knowledge of Defects.—In an action by such employee to recover damages for personal injuries occasioned by coming in contact with such exposed gearing, a complaint, notwithstanding a general allegation of the absence of knowledge on the part of the employee of the danger incident to his work, is demurrable, if the specific allegations thereof show that he must have known of the defects and the danger therefrom.

Id.—Assumption of Risk—Knowledge of Risk Defeats Recovery.— Under the law of this state as it existed at the time of the accident in question, (Civil Code, sec. 1970), such employee, by voluntarily entering upon and continuing in his employment to the time of the accident, a period of nearly two months, without making any com-

plaint as to the conditions, and with full knowledge of the defect and with a full understanding and appreciation of the dangers therefrom attendant. upon the performance of his duties as oiler, assumed the risk of his employment, and cannot recover for injuries resulting therefrom, notwithstanding the employer was negligent in failing to instruct him of the dangers attending his employment, or in failing to furnish him a safe place in which to work.

ID.—FAILURE TO INSTRUCT AS TO OBVIOUS DANGER.—An employer is not guilty of negligence productive of injury in failing to instruct an employee as to a perfectly obvious danger.

ID.—PLEADING—ANTICIPATING DEFENSES OF CONTRIBUTORY NEGLIGENCE AND ASSUMPTION OF RISK.—While it is not essential for a plaintiff in his complaint to anticipate either the defense of contributory negligence or assumption of risk by alleging facts negativing either, still the rule is well established that where the allegations of the complaint do affirmatively show contributory negligence or assumption by the plaintiff of the peril producing injury, the pleading fails to state a cause of action for damages.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. G. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, and A. W. Brouillet, for Appellant.

Heller, Powers & Ehrman, and Sydney Schlesinger, for Respondent.

ANGELLOTTI, J.—This is an action for damages for personal injuries alleged to have been suffered by reason of the negligence of defendant. A demurrer was sustained to plaintiff's second amended complaint, and judgment went for defendant. This is an appeal by plaintiff from such judgment.

The complaint contained two counts. Facts shown by each are as follows: Defendant was the owner of a rock crusher, which it was operating. On November 15, 1908, plaintiff, who had up to that time followed the occupation of a barber, and had never at any time had any experience in the care and operation of machinery, was employed by defendant as oiler in and about said rock crusher. He continued in the service of defendant as such oiler from November 15, 1908, to January 10, 1909, being at all times under the supervision and direction of one Patrick Martin, the manager and general

superintendent of defendant. On said January 10th, while performing his duties as such oiler, he was severely injured "while in the act of reaching over the gear wheel in motion with his left hand in order to locate the oil hole preparatory to oiling the said machinery, by having his jumper sleeve on his left arm caught in certain gearing," with the result that his left arm was drawn into said gearing, up to the left shoulder, and injured to such an extent as to require amputation. The gearing was without a cover and wholly unprotected by guards or otherwise.

The first count alleged negligence on defendant's part in failing to instruct plaintiff of the dangers attending his employment. It alleged the following facts: Defendant had full knowledge of his inexperience in the matter of machinery. Nevertheless it never properly instructed him and never warned him "as to the dangers or hazards connected with the said machinery." When he was instructed as to his duties in the matter of oiling, the said machinery was in motion, and he was following these instructions when injured. Defendant carelessly and negligently failed to instruct him as to the proper manner of oiling the machinery, and never "cautioned plaintiff as to the dangerous character of said machinery." His injuries "were caused by reason of defendant's failure to warn said plaintiff of the dangers attending the employment," and by reason of plaintiff's lack of knowledge of said dangers.

The second count alleged negligence producing the injuries in the failure of defendant to furnish a suitable and safe place for plaintiff's work. The material allegations were as follows:—

"That on the 10th day of January, 1909, the said plaintiff, as the hired servant and workman of said defendant corporation in and about the said rock crusher, was negligently, imprudently and carelessly set to work in and about the said rock crusher, in an unsuitable and unsafe place and very near and by certain dangerous, unfenced and unguarded machinery; that said defendant well knew that the said place at which said plaintiff was set to work was dangerous and unsafe; that said plaintiff was standing in the only practicable place in which he could stand to oil said machinery, and in close proximity to said dangerous, unprotected and unguarded gearing, whereby the said plaintiff was exposed to great and unneces-

sary risks not required by his employment; that the said defendant disregarding its duty to provide a safe place for said plaintiff to work in, and disregarding its duty to use reasonable and ordinary care for the safety of said plaintiff, nevertheless ordered said plaintiff to work in and about said unsafe place, and plaintiff was injured by reason of the unsafeness and dangerous condition of said place in which he was set to work. That plaintiff had no knowledge of the unsafe condition of the said place in which he was required to work in and about said rock crusher, and was never at any time warned or informed as to the unsafe condition of said place."

The allegations of the amended complaint hereinbefore substantially set forth show that the sole reason for the unfortunate injury to plaintiff was that he allowed the sleeve of his coat to catch in certain exposed and uncovered gearing over which it was necessary for him to reach in the performance of his work as an oiler. The complaint in one count is substan--tially that the defendant was negligent in not warning him, he being a man inexperienced in the use of machinery, as to the danger and the necessity for care in the performance of this duty, and in the second count that the defendant was negligent in setting him to work in a place dangerous by reason of the fact that the gearing about which he was compelled to perform his work was unprotected and unguarded. There is absolutely nothing in the complaint to intimate that the exposed condition of this gearing was not obvious. Fairly construed, the allegations of the amended complaint affirmatively show that the only condition of the machinery having to do with plaintiff's injury was patent to any casual observer, and that any one, no matter how inexperienced he was in the use or knowledge of machinery, would necessarily know of the risk entailed in working over the gearing and that if he allowed his hands or arms ·to come in contact with the gearing, he would be severely injured. Whatever danger was attendant upon the performance of his duties by plaintiff in that place, was clearly apparent to any one. That danger was the possibility of allowing his hands or arms to come in contact with the uncovered and unguarded gearing. That one's hands or arms will be hurt if allowed to become involved in the cogs of moving machinery is so apparent a fact that certainly any adult must know it. In spite of such a general allegation of

the absence of knowledge on the part of the employee as we have in this case, a complaint is demurrable if the specific allegations thereof show that he must have known of the defects and the danger therefrom. (See 1 Labatt on Master & Servant, sec. 388; *Cleveland etc. Co.* v. *Powers,* 173 Ind. 105, [88 N. E. 1073, 89 N. E. 485].)

Under these circumstances, even if we assume that there was any negligence on the part of defendant in respect to the matters alleged in either count, a complete answer to plaintiff's action is to be found in the law relative to assumption of risk as it existed in this state at the time he received his injuries. With full knowledge of the alleged defect in the matter of the machinery, and with full understanding and appreciation of the dangers therefrom attendant upon the performance of his duties as oiler, he voluntarily entered upon the employment and continued therein to the time of his accident, a period of nearly two months, without making any complaint as to the conditions. As to such a situation, under the law as it was at the time of the accident, there is practically no disagreement among the authorities. The employee assumes the risk, and cannot recover for injuries resulting therefrom. This rule is recognized by section 1970 of the Civil Code, where it is provided that mere knowledge by an employee of the defective or unsafe character or condition of any machinery, etc., shall not be a bar to recovery, unless it shall also appear that the employee fully understood, comprehended, and appreciated the dangers incident to its use, and thereafter consented to use the same or continued in the use thereof. It was not until the act of April 8, 1911 (Stats. 1911, p. 796) was enacted that any attempt was made to abolish the defense of assumption of risk. The rule and its limitations have been fully discussed in various decisions of this court. (See *Long* v. *Coronado R. R. Co.,* 96 Cal. 269, [31 Pac. 170]; *Linberg* v. *Glenwood Lumber Co.,* 127 Cal. 598, [49 L. R. A. 33, 60 Pac. 176]; *Murdock* v. *Oakland etc. Co.,* 128 Cal. 22, [60 Pac. 469]; *Anderson* v. *Seropian,* 147 Cal. 201, 208, [81 Pac. 521]; *Sanborn* v. *Madera Flume etc. Co.,* 70 Cal. 261, 266, ]11 Pac. 710]; *Vestner* v. *Northern Cal. etc. Co.,* 158 Cal. 284, 289, [110 Pac. 918]; *Bush* v. *Wood,* 8 Cal. App. 647, 655, [97 Cal. 709]. See, also, 1 Labatt on Master & Servant, secs. 388, 393.) As was said in *Brett* v. *Frank & Co.,* 153 Cal. 272, [94 Pac.

1052] : "The requirement that the place of employment shall be reasonably safe is itself always to be considered in connection with the rule of law as to the assumption by the employee of known and understood risks." There is nothing in the facts of this case as disclosed by the complaint to take it out of the operation of the rule precluding recovery. The facts shown by a fair construction of the allegations of the complaint present a case where the only inference that can reasonably be drawn is that plaintiff knew that the gearing over which he was to reach in doing his work was uncovered and unguarded, and understood and appreciated the risk and danger attendant upon the performance of his work under such conditions, and that he nevertheless voluntarily assumed his employment without any complaint as to the conditions, and continued therein to the time of the injury, a period of nearly two months, without any complaint or criticism of such conditions.

In view of what has been shown as to the obviousness of the danger, it is also clear that the defendant was not guilty of negligence productive of injury in failing to instruct plaintiff as to such danger. There was nothing to tell him in this regard that he did not already know or must be presumed to have known. In this connection, the language of the supreme court of Massachusetts in *Wilson* v. *Mass. Cotton Mills,* 169 Mass. 67, [47 N. E. 506], is pertinent. The court said: "The plaintiff's contention is that he was set to work on a dangerous machine without proper instructions. But it is difficult to see what the defendant's officers could have told him that he did not already know. It was apparent that the wheels were uncovered. They were certainly not bound to tell him that if he got his hand in the cogs he would be hurt. This any child of ten would know." While, as to the matters alleged in the second count, it may be assumed that, even although there was no statute in this state requiring guards on such machinery as was here in use, a conclusion that defendant was guilty of negligence in failing to provide guards for the protection of its employees could be sustained, the answer to any claim of liability on account thereof is to be found in what we have said regarding the rule of assumption of risk.

We have examined the cases cited by learned counsel for plaintiff, and find nothing therein in conflict with the views

we have stated. For instance, in *Larson* v. *Bloemer,* 156 Cal. 752, [106 Pac. 62], a case specially relied upon, this court substantially said that the testimony was conflicting upon the question of the ignorance of plaintiff as to the dangers of her employment, and in reply to the claim that the peril was so obvious that she must be presumed to have been fully cognizant of it, said that from the photograph of the mangle and the explanation of its mechanism contained in the record, it appeared that plaintiff could not see the heated cylinder which produced so much of the damage suffered by her. Substantially, the case was held to be one where the evidence was of such nature as to support a conclusion that plaintiff did not appreciate the danger of her employment under the existing conditions. Similarly, in other cases earnestly relied upon by appellant, including that of *Ingerman* v. *Moore,* 90 Cal. 410, [25 Am. St. Rep. 138, 27 Pac. 306], there were circumstances sufficient to make the question of the plaintiff's want of knowledge and full appreciation of the danger and risk under the existing conditions, one upon which reasonable persons might differ. In *Jacobson* v. *Oakland Meat Co.,* 161 Cal. 425, [119 Pac. 653], likewise, there were special circumstances clearly avoiding the conclusion as matter of law that plaintiff had been guilty of contributory negligence. The cases cited by appellant from other jurisdictions are all distinguishable from the case at bar with the possible exception of *Thompson* v. *Edward P. Allis Co.,* 89 Wis. 523, [62 N. W. 527]. The views expressed in the later case of *Renne v. United States etc. Co.,* 107 Wis. 305, [83 N. W. 473], on the question of the assumption of risk of an obvious peril, are not at all in conflict with our conclusion. The law, as we understand it, was correctly stated to the jury in that case in an instruction declaring that if the danger "was such an open and obvious danger as that, considering his age, intelligence, experience, judgment and discretion, he ought, in the exercise of reasonable and ordinary care, to have known and appreciated it, then the law is that the plaintiff assumed the risk of such danger, and that he cannot recover."

We see no escape from the conclusion that the second amended complaint presented such a case as a matter of law and that it therefore failed to state a cause of action. We are not to be understood as holding that it is essential for a plain-

tiff to anticipate in his complaint either the defense of contributory negligence or assumption of risk by alleging facts negativing either, but are simply applying the well established rule that where the allegations of the complaint do affirmatively show contributory negligence or assumption by the plaintiff of the peril producing injury, the pleading fails to state a cause of action for damages.

The judgment is affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.