[Civ. No. 8209. First Appellate District, Division One.—January 27, 1933.]

JOSEPHINE BOBO, as Administratrix, etc., Respondent, v. NORTHWESTERN PACIFIC RAILROAD COMPANY (a Corporation), Appellant.

Orrick, Palmer & Dahlquist for Appellant.

Robert D. Duke and Lawrence A. Cowen for Respondent.

THE COURT.—An action by Josephine Bobo, as administratrix of the estate of Perry E. Bobo, deceased, to recover damages from defendant corporation on account of the death of decedent. At the time of his death decedent was employed by defendant as a bridge-tender on a drawbridge operated by it over and across Petaluma Creek, in Marin County.

Plaintiff alleged that decedent while in the performance of his duties slipped and fell from the steps leading to the top of the drawbridge and was precipitated into the waters of the creek, causing his death; that defendant negligently failed to provide him with a safe place to work in that the steps were constructed and maintained in a manner which rendered them unsafe, namely, that it failed to install proper guard-rails thereon and on the approaches thereto, and "permitted said steps to become uneven so that they sloped and permitted water to collect in depressions on said steps, on which said deceased slipped and fell".

Decedent had been employed as a bridge-tender for about six months, his working hours being between 9 P. M. and 5 A. M. It is admitted that he was engaged in interstate commerce. He came to work as usual on the night of November 3, 1930, and his wife accompanied him to the bridge. She left at about 11 P. M., and decedent was not seen alive thereafter. It was his duty as bridge-tender, when vessels signaled for the opening of the bridge, to go to the center thereof, ascend a stairway to a small room on the top of the structure, where the engine and controls used in operating the bridge were maintained, there to set the signals so that trains would stop before reaching the bridge, and then open the bridge, which turns upon an axis. After the vessel had passed he was required to close the bridge, examine the rail connections at the ends thereof in order to ascertain if the same were properly aligned, and then to set the signals so that trains could proceed across the bridge. There was kept in the control room a log-book wherein was customarily entered the fact of the passage of vessels; and

in this appeared an entry in decedent's handwriting to the effect that a steamer had passed through at 1:20 A. M. on February 4, 1930. On the night of his disappearance the weather was clear, but it was shown that in winter dew gathered on the stairway, making it slippery. Two weeks later decedent's body was found in the creek at a point about a mile from the bridge. The stairway contained thirty-five steps and pitched at an angle of forty-eight and one-half degrees to the horizontal. It was on the outside of the bridge uprights and over the water. On each side of the stairway and on the platform at the foot there was a single hand-rail three feet one inch above the steps and platform. Decedent was wearing a coat with a sheepskin collar, and, according to the testimony, there was observed on the morning of February 4th along the outer edge of the platform hairs similar to wool, and a spot which had the appearance of blood. The testimony also shows that the body was bruised in several places, one such appearing on the back of the head; further, that the metal steps were worn smooth, which was also true of the buttons inserted in the foot-plates to prevent slipping. According to an engineer, who was shown to be familiar with safety devices used in different industries, the stairway was defective in that it is customary to provide a railing forty-two inches in height, with either a mesh or a second rail, to prevent a falling body from passing under the upper rail, and also a toe board on the edge of the platform, both of which devices were here lacking.

A motion for a nonsuit was denied, and the jury having returned a verdict for the plaintiff, defendant has appealed from the judgment entered thereon.

As grounds therefor it is claimed that the evidence was insufficient to sustain a finding that defendant was negligent; that decedent assumed the risks incident to his employment, one of which was the condition of the stairway, and that the complaint failed to state a cause of action. As stated, plaintiff specifically alleged and now contends that decedent slipped from the stairway or platform and was drowned, the defects mentioned being the cause of his fall.

State laws on the subject of employers' liability to employees in interstate transportation were superseded by

the federal Employers' Liability Act (*Second Employers' Liability Cases,* 223 U. S. 1, 55 [32 Sup. Ct. Rep. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44]; *Chicago, M. & S. P. Ry. Co.* v. *Coogan,* 271 U. S. 472 [46 Sup. Ct. Rep. 564, 70 L. Ed. 1041]), and the decisions of the federal Supreme Court control in determining the issue of negligence where the act governs (*Smithson* v. *Atchison, T. & S. F. Ry. Co.,* 174 Cal. 148 [162 Pac. 111]; *Hines* v. *Industrial Acc. Com.,* 184 Cal. 1 [192 Pac. 859, 14 A. L. R. 720]). ■ Thereunder the defense of assumption of risk remains as at common law with the exception, as therein provided, of "any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee" (*Atchison, T. & S. F. Ry. Co.* v. *Swearingen,* 239 U. S. 339 [36 Sup. Ct. Rep. 121, 60 L. Ed. 317]; *Southern Ry. Co.* v. *Crockett,* 234 U. S. 725 [34 Sup. Ct. Rep. 897, 58 L. Ed. 1564]; *Seaboard Air Line* v. *Horton,* 233 U. S. 492 [34 Sup. Ct. Rep. 635, 58 L. Ed. 1062, Ann. Cas. 1915B, 475, L. R. A. 1915C, 1]); but this exception has been held not to include state statutes. (See cases last cited.) ■ The decisions of the federal Supreme Court also control the question whether there was an assumption of risk by an employee (*Pryor* v. *Williams,* 254 U. S. 43 [41 Sup. Ct. Rep. 36, 65 L. Ed. 120]); and while this is an affirmative defense and must be pleaded (*Thomas* v. *Southern Pac. Co.,* 116 Cal. App. 126 [2 Pac. (2d) 544]), where, as here, the question was presented for the jury's determination by an instruction proposed by plaintiff, any objection that the issue was not within the pleadings was waived (2 Cal. Jur., Appeal and Error, sec. 73, p. 246). ■ The evidence in such cases must reasonably support the conclusion that the injury was proximately caused by the negligence of the employer (*Atchison, T. & S. F. Ry. Co.* v. *Toops,* 281 U. S. 351 [50 Sup. Ct. Rep. 281, 74 L. Ed. 896]); and whenever circumstantial evidence is relied upon to prove the fact the circumstances must be proved and not themselves presumed (*Chicago, M. & S. P. Ry. Co.* v. *Coogan, supra*).

In the following federal cases cited by defendant, where the cause of the injury was not directly shown, the court said that the evidence was such as to leave the question of defendant's negligence in the realm of surmise and con-

jecture, and denied a recovery: *Patton* v. *Texas & P. Ry. Co.*, 179 U. S. 658 [21 Sup. Ct. Rep. 275, 45 L. Ed. 361]; *Chicago, M. & S. P. Ry. Co.* v. *Coogan, supra; New York Central R. R. Co.* v. *Ambrose*, 280 U. S. 486 [50 Sup. Ct. Rep. 198, 74 L. Ed. 562]. ■ Nevertheless, as held by the same court, where there is uncertainty as to the existence of negligence, whether such uncertainty arises from a conflict of testimony, or because, the facts being undisputed, fair-minded men might honestly draw different conclusions therefrom, the question is one of fact for the jury (*Richmond & Danville R. R. Co.* v. *Powers*, 149 U. S. 43 [13 Sup. Ct. Rep. 748, 37 L. Ed. 642]; *Texas & P. R. Co.* v. *Harvey*, 228 U. S. 319 [33 Sup. Ct. Rep. 518, 57 L. Ed. 852]). To the same effect are the following California decisions: *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [213 Pac. 42, 26 A. L. R. 123]; *Hotaling* v. *Hotaling*, 193 Cal. 368 [224 Pac. 455, 56 A. L. R. 734]; *Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480].

■ Here the evidence was reasonably sufficient to show that the condition of the stairway and platform rendered their use unsafe at night, and the physical facts fairly support the conclusion that decedent fell therefrom and that his body passed under the railing into the water.

■ While it is the rule under the statute that an experienced employee who knows the material conditions must be considered as appreciating the danger and assuming the risk, although at the time he may have forgotten the existence of the danger and the employer was negligent in allowing the danger to remain (*Jacobs* v. *Southern Ry. Co.*, 241 U. S. 229 [36 Sup. Ct. Rep. 588, 60 L. Ed. 970]), here, so far as shown, decedent had never ascended the stairway during the daytime, nor was he aware of the conditions which made the structure dangerous. The complaint described the defects which were alleged to have caused the injury; and defendant contends that these allegations show that the cause of death was a risk assumed by decedent, and that consequently no cause of action was stated, citing *Bresette* v. *E. B. & A. L. Stone Co.*, 162 Cal. 74 [121 Pac. 312]; but, as pointed out, the evidence was insufficient to show that decedent knew of the defects described, or that the conditions under which he was employed were such that he must have known them.

We are satisfied that the facts reasonably presented a case for the jury, and that its conclusions are fairly supported by the evidence.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 25, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 27, 1933.